UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | ) ) ) | CASE NO. 5:15-cv-1572 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| THE GOODYEAR TIRE & RUBBER COMPANY, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiffs' motion under Fed. R. Civ. P. 59(e) and 60(b) for an order amending, or granting relief from, the Memorandum Opinion and related Judgment Entry dated September 29, 2016. (Doc. No. 32 ["Mot.-Relief"].) Defendants filed an opposition brief (Doc. No. 36 ["Opp'n-Relief"]) and plaintiffs filed a reply (Doc. No. 40 ["Reply-Relief"]). Plaintiffs also filed a combined motion for leave to file a first amended complaint ("FAC") and to file it under seal. (Doc. No. 33 ["Mot.-Amend"].)[1] Defendants have opposed this motion (Doc. No. 27 ["Opp'n-Amend"]) and plaintiffs have replied (Doc. No. 28 ["Reply-Amend"]). For the reasons discussed herein, plaintiffs' motion for relief from the judgment is denied; plaintiffs' motion for leave to amend is also denied.

**I. BACKGROUND**

On August 9, 2015, plaintiffs Coda Development s.r.o., Coda Innovations s.r.o. (collectively, "Coda"), and Frantisek Hrabal ("Hrabal") (collectively, "plaintiffs") filed their

---

[1] A redacted copy of the proposed FAC is attached to the motion for leave to amend. (*See* Doc. No. 33-2.) Plaintiffs also filed a letter to the Court seeking leave to file an unredacted FAC under seal as information for the Court. (*See* Doc. No. 35.) The Court treated the letter as a motion and granted it. The unredacted, sealed proposed FAC is Doc. No. 39.

original complaint (Doc. No. 1 ["Compl."]) setting forth thirteen (13) causes of action for correction of inventorship under 35 U.S.C. § 256 and one cause of action under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). In addition, they asserted seven state law claims: two for fraudulent non-disclosure, one for misappropriation of trade secrets, two for tortious interference with business relations/prospective economic advantage, one for negligent misrepresentation, and one for unjust enrichment. All of plaintiffs' claims were based on underlying factual allegations that defendants misappropriated plaintiffs' confidential and proprietary Self-Inflating Tire ("SIT") technology, allegedly invented by plaintiff Hrabal, Coda's CEO.

On October 9, 2015, defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), seeking dismissal of all of the claims. (Doc. No. 16.) Defendants argued, *inter alia*, that plaintiffs' claims were "vague and conclusory," with no identification of "the allegedly confidential thing that was said about 'the SIT' that forms the basis for the conclusory allegation that neither Mr. Benedict nor Mr. Losey conceived of any claimed element of the later-filed Goodyear '586 patent." (*Id.* at 108.)[2] Defendants argued that plaintiffs had failed to allege any facts adequate to show that the SIT Technology was a trade secret. They challenged the complaint for its failure to "not only provide fair notice of the nature of the claim, but also grounds on which the claim rests." (*Id.* at 112, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted).) They argued that the complaint did not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (*Id.* at 112-13, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted).)

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

Although plaintiffs could have filed an amended complaint as of right under Fed. R. Civ. P. 15(a)(1)(B) by October 30, 2015, they did not do so.

Instead, on November 9, 2015, plaintiffs filed their opposition to the motion to dismiss. (Doc. No. 23.) They sought no leave to file an amended complaint. Rather, they insisted, in the face of defendants' argument that the complaint failed to be sufficiently specific, that "Goodyear knows what it took, and knows full well how Coda's secrets were incorporated into its patents[.]" (*Id.* at 621.) Plaintiffs further asserted: "Coda's Complaint does all that is required, if not more, to remind Goodyear of precisely what it stole from Coda." (*Id.* at 623, footnote omitted.) They claimed: "Coda has identified what was stolen, when, by whom, and into which patents this stolen technology was incorporated, providing Goodyear with a more than sufficient reminder of its theft." (*Id.* at 629.)

On November 25, 2015, defendants filed their reply (Doc. No. 25), arguing in part that plaintiffs' vague and speculative allegations about their alleged "SIT technology" gave defendants no notice of what they allegedly misappropriated.

On December 4, 2015, plaintiffs moved to strike portions of defendants' reply or, in the alternative, for leave to file a sur-reply. (Doc. No. 26.) This motion actually contained whatever argument plaintiffs would have included in any sur-reply had leave been granted. Again, plaintiffs did not seek leave to amend the complaint, notably maintaining that their original complaint "alleges in detail the particular trade secrets Goodyear stole, how it incorporated these secrets into its own patents and rival product, and how Goodyear now stands to profit from its theft." (*Id.* at 1037.)

On December 21, 2015, defendants opposed the motion to strike and again challenged the sufficiency of the complaint. (Doc. No. 27.) They noted that "nothing prevented Plaintiffs from

explaining, in their Opposition [to the motion to dismiss] or (more importantly) in the Complaint, what they contend the allegedly secret 'SIT technology' was and how it differed from their prior public disclosures." (*Id.* at 1044.)

On December 30, 2015, plaintiffs filed a reply with respect to their motion to strike. (Doc. No. 28.) They again asserted that they had "alleged what Goodyear stole, when Goodyear stole it, and how Goodyear uses Coda's stolen technology." (*Id.* at 1049.) Plaintiffs repeated their request for leave to file a sur-reply so they could "support [the] claims with facts and evidence that show Goodyear's claimed inventions incorporate not just published information, but Coda's trade secrets[.]" (*Id.*) The Court denied leave to file a sur-reply; and yet plaintiffs still did not seek leave to amend the complaint.

On September 29, 2016, the Court granted defendants' Rule 12(b)(6) motion to dismiss the complaint in its entirety for failure to state a claim. With respect to the federal claims seeking to correct inventorship under 35 U.S.C. § 256, the Court noted that "[g]iven the elements plaintiffs would need to prove to prevail on their § 256 claims, the complaint must, as the very least, set forth sufficient facts, not legal conclusions, in support of each element." (Doc. No. 30 at 1063.) The Court held that plaintiffs' vague, but undescribed, references to their "trade secret compilation" were insufficient since "[t]here are no facts to support the assertions in claims one and two that Hrabal is the true, sole inventor, nor are there any facts that he contributed in any way, much less a novel way, to the patents in claims three through thirteen." (*Id.* at 1067.) As to the state law claim of misappropriation of trade secrets, the Court found the claim time-barred. (*Id.*

4

at 1077, relying upon discussion on fraud claims at 1073-76.)[3] Noting that plaintiffs had never sought leave to amend, but had steadfastly asserted throughout their briefing that their original complaint was more than adequate, the Court declined any *sua sponte* offer of leave to file an amended complaint. (*Id.* at 1084 n.14.) The Court entered a judgment of dismissal of the case. (Doc. No. 31.)

Plaintiffs have now moved for an order amending, or granting relief from, the Court's Memorandum Opinion and Judgment Entry. Further, plaintiffs now belatedly seek leave to file an amended five-count complaint, blending the original counts one and two into a single count for correction of inventorship, restating the original count thirteen for correction of inventorship, combining the original counts five and eight, plus adding two new patents, into a third count for correction of inventorship, restating the original count sixteen for misappropriation of trade secrets, and adding a new count for declaratory judgment.

## II. DISCUSSION

Plaintiffs have filed two motions, one under Fed. R. Civ. P. 59(e) and 60(b), and the other under Fed. R. Civ. P. 15(a)(2). Although separate, the motions can be discussed in tandem because they have the same objectives: to set aside the Memorandum Opinion and Judgment Entry dated September 29, 2016, to reopen the case, to obtain belated (and previously unrequested) leave for plaintiffs to file a first amended complaint, and to thereafter proceed on the merits of that amended complaint.

---

[3] The September 29th opinion addressed all of the other claims raised in the original complaint; however, these need not be addressed herein because plaintiffs, in seeking to file their FAC, have abandoned the majority of the original claims. (*See* Mot.-Relief at 1095.)

Plaintiffs claim that "justice requires" the requested relief for three reasons. First, they argue that, with respect to counts one and two of the original complaint dealing with inventorship of the '586 Patent, Goodyear, in its reply regarding its motion to dismiss, "led the Court astray by mischaracterizing what was publicly known when it applied for the '586 Patent." (Mot.-Relief at 1092.) Second, "[p]laintiffs are willing and able to address the perceived deficiencies in their claims for correction of inventorship[.]" (*Id.* at 1093.) Third, "the Court abused its discretion in denying [p]laintiffs leave to amend their claim for trade secret misappropriation . . . on the ground it was time-barred by the statute of limitations." (*Id.* at 1094.)

**A.     Legal Standards**

Fed. R. Civ. P. 59(e) permits the filing of a motion to alter or amend a judgment. "A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005) (further citation omitted)). But the Sixth Circuit "[has] repeatedly held that a Rule 59(e) motion 'does not permit parties to . . . re-argue a case' and 'cannot be used to present new arguments that could have been raised prior to judgment.'" *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 598 (6th Cir. 2011) (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).[4] *See also Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1350 (Fed. Cir. 2000) (noting that "Rule

---

[4] Sixth Circuit case law is relevant even though this case involves intellectual property matters that are appealed to the Federal Circuit, because the Federal Circuit reviews "matter[s] not unique to patent law . . . [under] the law of the appropriate regional circuit." *Haworth, Inc. v. Steelcase, Inc.*, 12 F.3d 1090, 1092 (Fed. Cir. 1993) (applying Sixth Circuit law).

6

59(e) is not a vehicle for reopening judgments to present information that was long possessed by the movant and that was directly related to the litigation.").

"Under Rule 15, a court may grant permission to amend a complaint 'when justice so requires' and in the normal course will 'freely' do so." *Leisure Caviar v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting Rule 15(a); further citations omitted). "[W]hen a Rule 15 motion comes *after* a judgment against the plaintiff, . . . [c]ourts in that setting must 'consider[ ] the competing interest of protecting the finality of judgments and the expeditious termination of litigation.'" *Id.* at 615-16 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id.* at 616 (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)). "That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities." *Id.* (citation omitted).

As a result, a party seeking to amend after an adverse judgment "must shoulder a heavier burden." *Id.* "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rule 59 or 60." *Id.* Further, in such circumstances, a court "ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Id.* (quoting *Morse*, 290 F.3d at 800). "A claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Id.* at 617.

7

**B.     Analysis**

Plaintiffs have raised three reasons why "justice requires" that their post-judgment motions be granted.[5] None of the reasons is strong enough to withstand application of the principles set forth in the above-cited case law.

*Reason No. 1*

First, plaintiffs claim that, when Goodyear was prosecuting its patent application before the U.S. Patent & Trademark Office, it claimed that "a groove within a tire sidewall and an air tube positioned within that sidewall" was not publicly known, that is, that it was not prior art; but, here, Goodyear takes the opposite position. (Mot.-Relief at 1097.) To make this assertion, plaintiffs rely upon the newly-presented declaration of Dr. Richard W. Klopp. (*See* Doc. No. 32-1 ["Klopp Decl."].) They go on at some length explaining that, not only should defendants be estopped from taking this inconsistent position, but also that the position is "just plain wrong[ ]" because "none of the prior art discloses a tube in a groove in a tire sidewall as that term is used in the '586 Patent. And if it did, the '586 Patent would be invalid, a conclusion Goodyear is surely not advocating for in this case." (Mot.-Relief at 1097.) This may be an interesting argument, but it was never raised before judgment. Further, the Klopp Declaration, had it been presented on the motion to dismiss, would have been rejected by the Court as outside the pleadings (or would have required conversion to a summary judgment motion). It is clear that plaintiffs' current intent is to insert this declaration

---

[5] Although plaintiffs' brief states that it has three reasons for seeking relief, plaintiffs actually raise a separate issue with reference to footnote 6 of the Memorandum Opinion. (Mot.-Relief at 1106-07.) There, the Court stated that "[a]lthough defendants did not raise this argument, there is case law suggesting that [substitution of one inventor for another] is not a form of relief under § 256." (Doc. No. 30 at 1062, n.6, citing *McMurray v. Harwood*, 870 F. Supp. 917, 919-20 (E.D. Wis. 1994).) Plaintiffs now point out the case of *Stark v. Adv. Magnetics, Inc.*, 119 F.3d 1551, 1555 (Fed. Cir. 1997), where the court clarified that § 256 does permit substitution of inventors, including in cases where fraud (as opposed to mere inadvertence) is alleged, so long as the unnamed inventor has not exhibited any deceptive intent. To that extent, the Court accepts this correction to its Memorandum Opinion. That footnote, however, was mere dictum and had no substantive effect on the overall ruling.

8

into the record as a way of suggesting that this Court somehow erred by not reaching the same conclusions as Dr. Klopp. But, of course, those conclusions were not available to the Court when it was deciding the motion to dismiss, and any reviewing court will recognize plaintiffs' strategy for what it is worth.

Plaintiffs did not need the expertise of Dr. Klopp to make an argument, during the motion to dismiss phase of the case, that defendants were taking inconsistent positions. For whatever reason, they made no such argument, and raising it post-judgment is to no avail.

### *Reason No. 2*

The second reason argued by plaintiffs is, by far, the most disconcerting. They claim that the Court should have permitted them to amend their complaint with respect Counts One and Two (the sole inventorship claims), and Counts Five, Eight, and Thirteen (the joint inventorship claims).

As for Counts One and Two addressing sole inventorship of the '586 Patent, plaintiffs, again relying upon the Klopp Declaration, *for the very first time in this litigation* finally set forth the exact "secret invention" they claim Goodyear misappropriated, a statement they previously steadfastly refused to supply. They assert, at the tail-end of their first argument, that Dr. Klopp "opines that the inventive concept of the '586 Patent is placing a tube *in a groove* in a sidewall." (Mot.-Relief at 1103, citing Klopp Decl. ¶ 18, emphasis added.) From there, they launch into their argument that it was error for this Court to deny them leave to file a sur-reply brief with respect to the motion to dismiss, where, if given the opportunity, they would have provided "additional facts[.]" (*Id.* at 1104.) Plaintiffs *now* claim that, in their request to file a sur-reply, they "specifically identified the factual issue that ultimately led the Court astray and into believing Plaintiffs' [sic] had not communicated a trade secret to Goodyear *about placing the pump tube in a groove in the*

9

*bending region of the tire sidewall* (that is, away from the rim)." (*Id.*, emphasis added.) They assert that this Court "did not consider [their] alternative request to file a sur-reply." (*Id.*)

Plaintiff's current argument with respect to whether or not it should have been allowed to file a sur-reply is completely divorced from the argument they actually made in their motion to strike or, alternatively, to file a sur-reply. (*See* Doc. No. 26.) There, the entire argument was aimed at striking a 2009 article written by Hrabal, entitled "Self-Inflating Tire Technology," that was attached to defendants' reply to the motion to dismiss and used by defendants (and, ultimately, by the Court) to establish that there was nothing "secret" or "confidential" about whatever it was that Hrabal now claims to have revealed to Goodyear because that topic was covered in the 2009 published article.

But, setting aside the completely unwarranted "spin" now placed by plaintiffs on their previous arguments in an attempt to suggest error in this Court's ruling, the more fundamental problem with plaintiffs' current attempt to reopen this case by filing a post-judgment amended complaint has to do with their declaration that they "are willing and able to address the perceived deficiencies in their claims for correction of inventorship[.]" (*Id.* at 1093.) In other words, plaintiffs now, for the first time, want to amend the complaint to allege what they could have and should have alleged from the beginning – that the invention Hrabal allegedly disclosed (and Goodyear allegedly misappropriated) had to do with "placing the pump tube in a groove in the bending region of the tire sidewall" (Mot.-Relief at 1104), which is now claimed by Dr. Klopp to be "the inventive concept of the '586 Patent." (Klopp Decl. ¶¶ 18, citing [for the first time in this litigation] to Claim 1 of the Patent; *see also* ¶ 19.)

Dr. Klopp takes issue with the Court's statement in the Memorandum Opinion that "Plaintiffs argue, in opposition, that the '586 Patent claims 'a tire inflated through the compression

10

of an <u>air tube embedded in the tire sidewall</u>' . . . and that 'Hrabal created precisely this invention.'" (Klopp Decl. ¶ 17, quoting Memorandum Opinion at p. 1064 (underlining in original), in turn *quoting* plaintiffs' MTD opposition brief at pp. 627-28 and Compl. ¶ 20.) Dr. Klopp emphasizes that the invention is the tube *in a groove in the bending region* of the sidewall, not just a tube in the sidewall. This, he claims, is the invention, not anticipated by prior art, that Hrabal disclosed to Goodyear. (Klopp Decl. ¶¶ 21-23.)

This distinction was *never* included in any brief and, more importantly, was never even *hinted at* in the original complaint, although it is now being assigned the utmost importance as *the* invention that was disclosed and stolen. Interestingly, although plaintiffs did not see fit to allude to this "invention" in the slightest way in their original complaint, the proposed amended complaint is *packed* with allegations about "grooves" and "bending regions."

Plaintiffs also claim that they should have been permitted to amend the joint inventorship claims in Counts Five, Eight and Thirteen of the complaint to allege the specific contributions they made to the alleged jointly-invented '784, '661 and '254 Patents. In their proposed amended complaint, they "set forth in detail the specific trade secrets they communicated to Goodyear and identified how these trade secrets formed the basis of [these] patents." (Mot.-Relief at 1108.) In addition, they seek to include two more patents for which they claim joint inventorship, the '955 Patent and the '132 Patent.

Plaintiffs criticize the Court for failing to *sua sponte* grant leave to amend merely because plaintiffs had maintained all along that their complaint was sufficient. Plaintiffs again further criticize the Court for "overlooking that Plaintiffs specifically requested to file a sur-reply and provide additional facts distinguishing their trade secrets from publicly available information." (Mot.-Relief at 1108.) But sur-replies are not a vehicle for making allegations; complaints are.

Further, despite *all* of the lengthy briefing in this case, plaintiffs had *never* requested leave to amend, even as alternative relief. Their current argument that they "attempted to inform the court, through their request for a sur-reply, that additional facts were necessary to evaluate Goodyear's new, and wrong, arguments[,]" (Mot.-Relief at 1104-05) is unavailing in this post-judgment context. *See D.E.&J. Ltd. P'ship v. Conaway*, 133 F. App'x 994, 1001-02 (6th Cir. 2005) (finding no abuse of discretion in denying opportunity to amend where no formal motion for leave to amend had been filed, no proposed amended complaint had been submitted, and the only indication of a possible desire to amend was a request "almost as an aside in their brief opposing [d]efendants' motions to dismiss").

Plaintiffs have supplied no reason why, pre-judgment, they were unable to sufficiently set forth their causes of action to withstand a motion to dismiss, but have now, post-judgment, found the ability to do so with amazing clarity. This is the very strategy (some might call it "gamesmanship") that the Court criticized in *Leisure Caviar*, *supra*. In *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000), the court affirmed the following ruling by the district court, finding no abuse of discretion "in denying the post-judgment action of plaintiffs":

> ... An open request for the Court to permit amendment to cure deficiencies, once the Court identifies those deficiencies, will not defeat a meritorious motion to dismiss pursuant to Rule 12(b)(6). Had plaintiffs filed a motion to amend the complaint prior to this Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint. The Court would not have dismissed this action had it been convinced that the deficiencies in the complaint would have been cured by the proposed amendments. *Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.*

*Id.* (quoting and affirming the district court's opinion on a Rule 60(b) post-judgment motion for clarification) (emphasis added). Similarly, in *Essex Electro Engineers, Inc. v. United States*, 960 F.2d 1576 (Fed. Cir. 1992),[6] the court rejected appellant's argument that, even though it had neither filed an amended complaint as a matter of right nor sought leave of court to amend, it should have been permitted to amend anyway. The Federal Circuit held that "such a rule would make a mockery of pleadings and confront adverse parties with the potential for endlessly shifting grounds." *Id.* at 1583. The court "would not condone this practice." *Id.*

In the instant case, there is similarly no reason to grant either of plaintiffs' motions and, effectively, permit plaintiffs to have a "do over" because they failed to properly set forth their claims in the complaint or timely request the opportunity to amend their complaint prior to judgment.

### *Reason 3*

Finally, plaintiffs argue that the Court was wrong to conclude, drawing on "erroneous factual inferences in support of a *sua sponte* theory that was neither advanced nor briefed by the parties[,]" that the trade secret misappropriation claim in count sixteen of the original complaint was time-barred. (Mot.-Relief at 1113.) Plaintiffs argue that the Court deviated from the standard on a motion to dismiss, drawing factual inferences without the benefit of discovery or evidence. In support of this argument, plaintiffs supply a previously-unsupplied declaration of Mr. Hrabal wherein he attests to all of his interactions with Goodyear, what he told Goodyear, and when. (*See* Doc. No. 32-20.) Of course, as with the Klopp Declaration, this is matter outside the pleadings and, had it been submitted at the motion to dismiss stage, it would not have been considered unless

---

[6] Overruled on other grounds by *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995).

the motion was converted to one for summary judgment. As with the Klopp Declaration, plaintiffs' current intent is barely veiled – they simply want to insert into this record, in anticipation of appeal, information that was previously not before the Court, apparently in hopes of suggesting error by this Court.

More importantly, the question of whether the trade secret misappropriation claim was time-barred was not raised *sua sponte* by the Court. Rather, defendants argued in their motion to dismiss that the claim was time-barred for the same reasons that the fraud claims were time-barred. Plaintiffs' instant motion does not challenge the Court's ruling dismissing the fraud claims as time-barred. Rather, the motion falsely states the issue was never discussed in the briefing with respect to the trade secret misappropriation claim. (Opp'n at 1094.) But the fact is that it was discussed by defendants and was ignored by plaintiffs in their opposition to the motion to dismiss, a fact noted by the Court in its opinion. The Court itself ruled that, taking plaintiffs' own factual allegations as true, there had been sufficient timely information available to plaintiffs to have triggered an earlier duty to investigate, which, had plaintiffs done so, would have led them to discover[7] Goodyear's patent application for the self-inflating tire that plaintiffs now assert contained their misappropriated trade secrets. *See Investors REIT One v. Jacobs*, 546 N.E.2d 206, 209 (Ohio 1989) (trade secret misappropriation cause of action accrues "when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury.") (citation omitted).

Plaintiffs' third reason for seeking amendment of, or relief from, the Memorandum Opinion and Judgment is no more than a simple basis for appeal. It utterly fails to meet any of the requirements of Rule 59 or Rule 60.

---

[7] In their brief in opposition to defendants' motion to dismiss, plaintiffs uniformly argued for the application of a "discovery rule" to determine when their various causes of action accrued.

## III. CONCLUSION

For the reasons set forth herein and in defendants' opposition (Doc. No. 36), plaintiffs' motion to amend, or for relief from, the Court's judgment dismissing the case (Doc. No. 32) is **denied**, except for the single correction in note 5, *supra*, regarding substitution of inventors under 35 U.S.C. § 256. Further, plaintiffs' motion for leave to file a first amended complaint (Doc. No. 33) is **denied**.

**IT IS SO ORDERED**.

Dated: September 26, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**