**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | CASE NO. 5:15-cv-1572 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| THE GOODYEAR TIRE & RUBBER, COMPANY, et al., | |
| Defendants. | |

**PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

A.      PRELIMINARY JURY INSTRUCTIONS .................................................. 1

Opening Instructions ................................................................................................. 1

Order of Trial ........................................................................................................... 4

Notetaking—Permitted ............................................................................................ 5

Questions by Jurors—Permitted .............................................................................. 6

Judge's Questions to Witnesses ............................................................................... 7

Evidence in the Case ................................................................................................ 8

Direct and Circumstantial Evidence ...................................................................... 10

Stipulations ............................................................................................................ 11

Conclusion ............................................................................................................. 12

B.      FINAL JURY INSTRUCTIONS ............................................................. 13

Jurors' Duties ......................................................................................................... 13

Burden of Proof ..................................................................................................... 16

Evidence Defined ................................................................................................... 18

Consideration of Evidence ..................................................................................... 20

Corporation as Defendant: Respondeat Superior .................................................. 25

Failure to Produce Available Evidence .................................................................. 26

Answers to Interrogatories ..................................................................................... 27

Effect of Prior Inconsistent Statements or Conduct .............................................. 28

Misappropriation of Trade Secrets ......................................................................... 29

Trade Secret ........................................................................................................... 30

Trade Secrets List .................................................................................................. 31

Trade Secret Factors .............................................................................................. 36

Reasonable Efforts .................................................................................................... 37

Misappropriation ...................................................................................................... 38

Clear and Convincing Standard ............................................................................... 40

Affirmative Defense: Statute of Limitations............................................................ 42

Affirmative Defense: Laches ................................................................................... 43

Affirmative Defense: Equitable Estoppel ................................................................ 44

Rules for Deliberation and Verdict .......................................................................... 45

**A.      PRELIMINARY JURY INSTRUCTIONS**

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Opening Instructions[1]**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue are called the plaintiffs. In this action, the plaintiffs are Coda Development s.r.o., Coda Innovations s.r.o., and Frantisek Hrabal. You may hear the plaintiffs referred to collectively as "Coda." The parties being sued are called the defendants. In this action, the defendants are The Goodyear Tire & Rubber Company and Robert Benedict. You may hear the defendants referred to collectively as "Goodyear."

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

---

[1] 3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.).

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments or comments on the Internet about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Given          _____
Refused        _____
Withdrawn      _____
Modified       _____

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Order of Trial[2]**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs, Coda, will present evidence in support of plaintiffs' claims and the defendants' lawyer may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendants, Goodyear, may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. If the defendants introduce evidence, the plaintiffs may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[2] 3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.).

**JOINTLY REQUESTED INSTRUCTION NO. \_\_\_**

**Notetaking—Permitted[3]**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

Given        \_\_\_\_
Refused      \_\_\_\_
Withdrawn    \_\_\_\_
Modified     \_\_\_\_

---

[3] 3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.).

5

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Questions by Jurors—Permitted[4]**

Jurors normally do not ask a witness questions. However, I allow jurors to ask important questions during the trial under certain conditions.

If you feel the answer to your question would be helpful in understanding the issues in the case, please raise your hand after the lawyers have completed their examination but before I have excused the witness. You will then be given pen and paper with which to write your question for the witness.

I will talk privately with the lawyers and decide whether the question is proper under the law. If the question is proper, I will ask the witness the question. Some questions may be rewritten or rejected. Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the marshal or clerk. Remember, you are not to discuss the case with the other jurors until it is submitted for your decision.

If you have difficulty hearing a witness or lawyer, please raise your hand immediately.

Given      ____
Refused      ____
Withdrawn      ____
Modified      ____

---

[4] 3 Fed. Jury Prac. & Instr. § 101:17 (6th ed.).

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Judge's Questions to Witnesses[5]**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

Given          _____
Refused        _____
Withdrawn      _____
Modified       _____

_____

[5] 3 Fed. Jury Prac. & Instr. § 101:30 (6th ed.).

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Evidence in the Case**[6]

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape or read to you by the attorneys. There is no difference between deposition testimony read from the written transcript or presented by videotape.[7] Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Your notes are not evidence, and you should not compare your notes with other jurors.[8] Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

---

[6] 3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.).

[7] *Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 259 (5th Cir. 1985) ("A trial court may not properly instruct a jury that a written deposition is entitled to less weight than live testimony. By analogy, it is not proper for a trial court to instruct a jury that a written deposition is entitled to less weight than a videotaped deposition.") (citations omitted).

[8] 3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.).

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Given          _____
Refused        _____
Withdrawn      _____
Modified       _____

## JOINTLY REQUESTED INSTRUCTION NO. ___

### Direct and Circumstantial Evidence[9]

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

_____

[9] 3 Fed. Jury Prac. & Instr. § 101:42 (6th ed.).

10

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Stipulations[10]**

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

1.      Representatives of Goodyear met with representatives of Coda on January 15, 2009.

2.      Representatives of Goodyear met again with representatives of Coda on June 15, 2009.

3.      Goodyear did not move forward with a joint development project with Coda.

4.      U.S. Patent No. 8,042,586 issued on October 25, 2011.

5.      U.S. Patent No. 8,113,254 issued on February 14, 2012.

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[10] 3 Fed. Jury Prac. & Instr. § 101:47 (6th ed.).

## JOINTLY REQUESTED INSTRUCTION NO. ___

### Conclusion[11]

This concludes my preliminary instructions. Please keep these instructions in mind as you listen to the evidence and statements of counsel. I may give you additional instructions during the trial. When the presentation of the evidence and closing arguments have concluded, I will give you additional instructions on the law that you are to follow together with the instructions you have just heard and any instructions given during the trial.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

---

[11] 1 CV Ohio Jury Instructions 205.01 Preliminary instructions [Rev. 10-23-10].

**B.      FINAL JURY INSTRUCTIONS**

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Jurors' Duties[12]**

Now that you have heard the evidence, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in this case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions. Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone phone, Blackberry or computer, the Internet, any Internet service, any text or instance messaging service, any Internet chat room, blog or website

---

[12] Final Jury Instructions, Trial Transcript at 2667:24-2670:16, *Allied Erecting and Dismantling Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (Doc #: 288) (addressing 3 Fed. Jury Prac. & Instr. §§ 103:01, 103:04, 103:02, 103:10 and 103:12 (6th ed.)).

13

such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.

In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Unless I state otherwise, you should consider each instruction given to apply separately and individually to Plaintiffs, and to Defendants. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.

Given      _____
Refused    _____
Withdrawn  _____
Modified   _____

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Burden of Proof**[13]

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. As to the affirmative defenses, the defendant has the burden of proving every essential element of its affirmative defenses by a preponderance of the evidence.  Failure to prove an essential element of a claim or defense defeats that claim or defense.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. The preponderance of the evidence is also referred to as the greater weight of evidence.  This standard does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[13] Final Jury Instructions, Trial Transcript at 2672:5-2673:4, *Allied Erecting and Dismantling, Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (Doc # 288) (addressing 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.).  Modified to address affirmative defenses in lieu of counterclaims, which are not applicable, and to add last line of first paragraph. Also modified to add the sentence, "The preponderance of the evidence is also referred to as the greater weight of evidence," to accord with Instruction No. 2, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

You may have heard of the term proof beyond a reasonable doubt.  That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your mind.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Evidence Defined[14]**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence, regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and what they will say in their closing arguments at another time is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was permitted to be answered or the exhibit received into evidence.  If I sustained the objection, the question was not permitted to be answered and the exhibit was not received into evidence. Therefore, if I sustained an objection to a question or to the admission of an exhibit, you must ignore the question and must not guess what the answer to

---

[14] Final Jury Instructions, Trial Transcript at 2670:17-2671:6; 2671:13-2672:4, *Allied Erecting and Dismantling, Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (Doc # 288) (addressing excerpt of 3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.)).

the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

Given          _____
Refused        _____
Withdrawn      _____
Modified       _____

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Consideration of Evidence[15]**

Generally speaking, there are two types of evidence that are presented during a trial, direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness, about what the witness said or heard or did.  Indirect or circumstantial evidence is proof of a claim of facts and circumstances indicating the existence or nonexistence of a fact. Indirect or circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial. You are to decide how much weight to give any evidence.

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

---

[15] Final Jury Instructions, Trial Transcript at 2673:5-2678:18; 22678:22-2680:1, *Allied Erecting and Dismantling, Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (Doc # 288) (addressing 3 Fed. Jury Prac. & Instr. §§ 104:20, 105:11, 104:40, 104:53, 105:01, 105:04 (6th ed.)).

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for expert witnesses.  An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions.  You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's evidence is outweighed by other evidence, you may disregard the opinion entirely.

Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received, you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

Certain graphics, charts, and summarize have been shown to you in order to help explain facts disclosed by books, records and other documents that are in evidence in the case. These graphics, charts or summaries are not themselves evidence or proof of any facts. If the graphics, charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.  In other words, the graphics, charts, or summaries are used only as a matter

of convenience.  To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Evidence as to any oral statements or admissions, claimed to have been made outside of Court by a party to any case, should always be considered with caution and weighed with great care.  The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of Court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds. The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the

witness's opportunity and ability to see, hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

23

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness in whole or in part.

Some testimony was presented by way of videotaped or transcript deposition.  A deposition consists of sworn, recorded answers to questions asked of a witness in advance of the trial by one or more of the attorneys for the parties to the case.  The questions and answers were shown or read to you during the trial.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is knowingly done if that act is done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Corporation as Defendant: Respondeat Superior[16]**

A corporation may act only through natural persons as its agents or employees.  In general, any agent or employee of a corporation may bind the corporation by acts and declarations, including unlawful acts, made while acting within the scope of the authority delegated by the corporation, or within the scope of the duties as an employee of the corporation.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[16] Final Jury Instructions, Trial Transcript at 2671:7-12, *Allied Erecting and Dismantling, Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (Doc # 288), modified to reference unlawful acts (*see* W.D. Michigan Civil Jury Instructions CV 2.05A).

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Failure to Produce Available Evidence[17]**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[17] 3 Fed. Jury Prac. & Instr. § 104:26 (6th ed.).

26

## JOINTLY REQUESTED INSTRUCTION NO. ___

### Answers to Interrogatories[18]

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

Given      ____
Refused      ____
Withdrawn      ____
Modified      ____

---

[18] 3 Fed. Jury Prac. & Instr. § 104:72 (6th ed.).

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Effect of Prior Inconsistent Statements or Conduct[19]**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[19] 3 Fed. Jury Prac. & Instr. § 105:09 (6th ed.).

28

## JOINTLY REQUESTED INSTRUCTION NO. ___

### Misappropriation of Trade Secrets[20]

Before you can find for the Plaintiffs, you must find by a preponderance of the evidence that:

(A)     the information at issue was a trade secret; and

(B)     the Defendants misappropriated one or more of the Plaintiffs' trade secrets by improper means; and

(C)     the Plaintiffs suffered damage proximately caused by the misappropriation.

Given          _____
Refused        _____
Withdrawn      _____
Modified       _____

---

[20] Instruction No. 2, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Trade Secret[21]**

"Trade secret" means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, business information or plans, financial information, listing of names, addresses, or telephone numbers, that satisfies all of the following:

(A)     the information derives independent economic value, actual or potential, from

    (1)     not being generally known to other persons who can obtain economic value from its disclosure or use; and

    (2)     not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

(B)     the information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Given        ____
Refused      ____
Withdrawn   ____
Modified     ____

---

[21] Instruction No. 3, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

30

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Trade Secrets List**

To prove its claim, Coda must prove that any of the following qualify as a trade secret that Goodyear misappropriated:

- (Alleged Trade Secret No. 1) A self-inflation system that operates when the tire rotates in either direction and the desirability of a symmetrical implementation of the pump system in the tire, such as the use of two mirror-image pumps;

- (Alleged Trade Secret No. 2) Coda's knowledge of how to design and develop a peristaltic pump with symmetry that takes into consideration symmetrical pump tubes providing bi-directional functionality and uniformity, variant pump tube lengths and configurations that can be less than fully circular, fully circular and super circular, and a bi-directional arrangement implementing the principles of symmetry, such as the example of 360-degree oppositely oriented pumps in each sidewall of a tire;

- (Alleged Trade Secret No. 3) Use of a regulator with a threaded member in a self-inflating tire to adjust the space between the membrane and the aperture, thereby resulting in a change in regulator pressure;

- (Alleged Trade Secret No. 4) Coda's knowledge of how to design and develop a pump-system for a self-inflating tire, which comprises the following design alternatives: "dead space" in the pump chamber in order to limit the maximum pump pressure to prevent over-inflation of the tire; a nonrecirculating system where a portion of the pump tube is not compressed during tire rotation to ensure that the tire is not over-inflated, and the incompressible portion of the tube is between the pumping portion and the tire interior, and the tube is open to the atmosphere; a non-recirculating system where an

31

incompressible portion of the tube is between the pumping portion and atmosphere, and the tube is open to the tire; a recirculating system that eliminates dead space; a regulator with a three-way valve that would recirculate the air while the tire is not being inflated, which minimizes pump wear and maximizes energy efficiency; a recirculating system whereby operation of the tire in reverse does not damage the system; and the design considerations for a system without recirculation;

- (Alleged Trade Secret No. 5) Coda's technique regarding the alternative to molding a pump chamber into the tire by embedding and removing a filament to form a cavity in the tire, and the improvements in the filament embedding process by coating the filament in a silicone lubricant before pressing and vulcanizing the tire;

- (Alleged Trade Secret No. 7) Coda's design and development of a multi-purpose interface for transporting air in a self-inflating tire that can connect to the air source, connect to the tire interior, connect to the peristaltic pump, serve as an end to the peristaltic pump, connect to the regulator, carry the regulator, go around or through the bead, go around or through the tire layers, click to the bead and hold the filter;

- (Alleged Trade Secret No. 11) Coda's knowledge of how to design and develop self-inflating tire pump and groove solutions, consisting of round pump tubing in an outward-facing groove with straight, angled interior geometry; pump tubing with geometry that interlocks with its seat; pump tubing with elliptical interior cross-section; variant pump tube, groove and chamber dimensions, size and materials; pump tube and groove design to minimize internal friction; a "tubeless" pump solution (i.e., a pump that may compose an integral part of tire); cross-section designs that minimize stress on compression in order to improve durability; and tubing with reinforced wall;

32

- (Alleged Trade Secret No. 15) Coda's improvements in self-inflating tire technology by assessing alternative locations of a peristaltic pump in the following areas: on the radial face of the bead abutting the rim; in the tread area; in the sidewall against the rim, with use of a spacer to shift the flexion in order to create room for the chamber; between the tire and the rim with flap tubes; in the sidewall near and above the rim at the end of a flap passage; and in the sidewall near and above the rim in an outward facing groove;

- (Alleged Trade Secret No. 16) Coda's design, development, and testing regarding the feasibility and improvements in self-inflating tire technology by embedding a tube in a groove in a tire sidewall to act as a peristaltic pump;

- (Alleged Trade Secret No. 18) Coda's knowledge regarding how moving the pump relative to the tire bead (axially or radially) affects the leverage and compressive force exerted on the pump, impacts the ability to open and close the tube, and the magnification of the leverage from the flexion of the sidewall, as demonstrated by the built-out groove of the prototype;

- (Alleged Trade Secret No. 19) Coda's knowledge regarding the behavior of the tire sidewall during the course of tire rotation to evaluate a preferred location for the pump tube based on rigidity, centrifugal forces, and proximity to the air source;

- (Alleged Trade Secret No. 20) Coda's knowledge of how to design and develop self-inflating tire systems with circulating and non-circulating pump variations, comprised of the disclosure of technical information through observations and descriptions of the three-way valve regulator, and explanations of the function and air-paths for the states of recirculation and inflation; closure elements related to recirculation systems and a pressurized air reservoir that would permit the storage of air within the system without

33

the need to engage the pump tube with each tire revolution; recirculation at different pressures, such as ambient pressure; recirculation through various paths, such as through the tire, the atmosphere and the pump tube; the safety benefit of recirculating around the pump tube isolated from the tire cavity; a check valve on intake (between the pump tube and the atmosphere) to only permit air in when pressure in the pump tube falls below atmospheric pressure; and a check valve on output (between the pump tube and tire interior) to only allow air into the tire when pressure in the pump tube exceeds the tire pressure;

- (Alleged Trade Secret No. 22) Coda's design and development of pressure management device alternatives for self-inflating tires, consisting of pressure management devices with the membrane containing a reference space, a spring-assisted membrane, a spring-loaded closure element, and electronic management, and knowledge of the different pressure-temperature response characteristics of these alternatives;

- (Alleged Trade Secret No. 23) Coda's development of a functional self-inflating tire as demonstrated by the test results confirming that the tire pump can generate pressure higher than the pressure in the tire cavity, through the test results showing that the pump placed on the tread could generate 6.5 absolute atmospheres of pressure (5.5 relative atmospheres); the test results showing that the tube-in-groove pump of the prototype could generate 3.3 absolute atmospheres of pressure; and test results that demonstrated that the Flap Tubes could generate 1 relative atmosphere of pressure;

- (Alleged Trade Secret No. 24) Coda's knowledge regarding the optimal location for placement of a pump in a tire for tire manufacturers, namely, in the sidewall close to, and above, the rim where the tire cyclically deforms in response to deformation;

34

- (Alleged Trade Secret No. 25) Coda's knowledge of potential tire-making cost-savings promoted by self-inflating tire technology, by permitting the removal or reduction of the inner liner; or

- (Alleged Trade Secret No. 27) Coda's knowledge presented and disclosed to Goodyear at the January and June, 2009 meetings, consisting of the PowerPoint presentation; the prototype self-inflating tire, regulators, pump tubes, mock-ups, and other physical exhibits; the possible location of a pump in a tire; the design and build of the pump; the pressure management system options (dead space or recirculation); the efficacy of the pump in compensating for ordinary tire leakage; SIT testing mechanisms including the use of wireless sensors; marketing strategies directed to the commercial trucking industry; and tests and test results on self-inflating tire prototypes, combined with Coda's technology disclosed in its patents and patent applications regarding self-inflating tire technology.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Trade Secret Factors[22]**

In deciding whether the information at issue satisfies the definition of a "trade secret," you may consider any or all of the following factors:

(A)    the extent to which the information is known outside of the business;

(B)    the extent to which the information is known to those inside of the business, such as by the employees;

(C)    the precautions taken by the Plaintiffs to guard the secrecy of the information;

(D)    the value to the Plaintiffs in having exclusive possession of the information;

(E)    the amount of effort or money expended in obtaining and developing the information; and

(F)    the amount of time and expense it would take for others to acquire and duplicate the information.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

---

[22] Instruction No. 4, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets); *Allied Erecting and Dismantling, Co., Inc., et al. v. Genesis Equipment & Manufacturing, Inc., et al.*, C.A. No. 4:06-CV-114  (N.D. Ohio July 2, 2010) (Doc # 311-4 at 7-8).

**JOINTLY REQUESTED INSTRUCTION NO. \_\_\_**

**Reasonable Efforts**[23]

The Plaintiff is required only to take reasonable active steps under the circumstances to protect the trade secrets. This does not require absolute secrecy or that the Plaintiff use all conceivable efforts to maintain secrecy.

Given        \_\_\_\_
Refused      \_\_\_\_
Withdrawn    \_\_\_\_
Modified     \_\_\_\_

---

[23] Instruction No. 5, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

37

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Misappropriation[24]**

"Misappropriation" means the:

(A)     acquisition of another's trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(B)      disclosure and/or use of another's trade secret by a person who both lacked the express or implied consent of that other person and who:

　　(1)    used improper means to acquire knowledge of the trade secret; or

　　(2)    knew or had reason to know, at the time of the disclosure and/or use, that the knowledge of the trade secret that the person acquired was derived from or through a person who had utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or through a person who owed a duty to the Plaintiffs to maintain its secrecy or limit its use.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[24] Instruction No. 10, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets). Modified to exclude alternative instruction 10(B)(3) because it is not relevant to the claims.

**[insert remaining instructions relating to trade secrets and damages]**

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Clear and Convincing Standard[25]**

"Clear and convincing" means that the evidence must produce in your minds a firm belief or conviction about the facts to be proved or the truth of the matter.  It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.  This is the standard that applies to the claims concerning inventorship and co-inventorship, as well as punitive damages, which I will address next.

Given          _____
Refused        _____
Withdrawn      _____
Modified       _____

---

[25] 1 CV Ohio Jury Instructions 303.07.

**[insert instructions relating to inventorship and co-inventorship and damages]**

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Affirmative Defense: Statute of Limitations**[26]

Defendants claim that, even if Plaintiffs have established their case for misappropriation of trade secrets, the statute of limitations would bar Plaintiffs' action.  To prevail on such a defense, Defendants must establish by a preponderance of the evidence that Plaintiffs did not commence their lawsuit within four (4) years from the time that Plaintiffs discovered the alleged misappropriation or within four (4) years from the time that Plaintiffs should have discovered the misappropriation by reasonable diligence.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[26] *CODA Dev. S.r.o v. Goodyear Tire & Rubber Co*., 916 F.3d 1350, 1361 (Fed. Cir. 2019), citing O.R.C. § 1333.66.

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Affirmative Defense: Laches[27]**

Defendants also claim that, even if Plaintiffs have established their case against Defendants for misappropriation of trade secrets, the doctrine of laches would bar Plaintiffs' action.  To prevail on such a defense, Defendants must establish by a preponderance of the evidence each of the following four (4) elements:

(A)    there was an unreasonable delay or lapse of time in Plaintiffs' asserting their rights;

(B)    there is not an excuse for the delay in asserting the action;

(C)    Plaintiffs had either actual or constructive knowledge of the misappropriation; and

(D)    the delay prejudiced Defendants.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[27] *Giffin v. Mull*, 2015-Ohio-5440, ¶ 68, 56 N.E.3d 270, 283 (Ct. App.).

## JOINTLY REQUESTED INSTRUCTION NO. ___

### Affirmative Defense: Equitable Estoppel[28]

Defendants also claim that, even if Plaintiffs have established their case against Defendants for misappropriation of trade secrets, equitable estoppel would bar Plaintiffs' action.  Equitable estoppel prevents a plaintiff from obtaining relief if the plaintiff has induced the defendant to believe certain facts and the defendant has changed its position to its detriment in reasonable reliable on those facts.

To prevail on this defense, Defendants must establish by a preponderance of the evidence each of the following four elements:

(A)    that Plaintiffs made a factual misrepresentation to Defendants;

(B)    that such misrepresentation was misleading;

(C)    that such misrepresentation induced actual reliance by Defendants which was reasonable and in good faith; and

(D)    that Defendants suffered detriment due to the reliance.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[28] *TBLD Corp. v. Ravenna Inv. Co., Inc.*, 2002-Ohio-5265, ¶ 14 (Ct. App.); *Marietta Coll. v. Valiante*, 2013-Ohio-5405, ¶ 21.

**JOINTLY REQUESTED INSTRUCTION NO. ___**

**Rules for Deliberation and Verdict[29]**

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times, that are you not partisans.  You are judges, judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

---

[29] Final Jury Instructions, Trial Transcript at 2749:3-2751:12, *Allied Erecting and Dismantling, Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (addressing 3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.)) (modified to include 3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.)).

Each of you must make your own conscientious decision, but only after you have discussed all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone, including me, how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict must be unanimous

Fifth, nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take the forms to the jury room, and when each of you has agreed on the verdict, you are to sign the form of the verdict to which you have agreed, and advise the courtroom deputy clerk that you are ready to return to the courtroom.

Given      _____
Refused    _____
Withdrawn  _____
Modified   _____

Respectfully submitted,

/s/ Calvin P. Griffith
Calvin P. Griffith (0039484)
cpgriffith@jonesday.com
David M. Maiorana (0071440)
dmaiorana@jonesday.com
John C. Evans (0081878)
jcevans@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

*Attorneys for Defendants*

Respectfully submitted,

/s/ Scott M. Richey
Boyd Cloern *(Pro Hac Vice)*
bcloern@steptoe.com
Leah Quadrino *(Pro Hac Vice)*
lquadrino@steptoe.com
Scott M. Richey *(Pro Hac Vice)*
srichey@steptoe.com
Joseph Ecker
jecker@steptoe.com
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Boyd Cloern *(Pro Hac Vice)*
bcloern@steptoe.com
Leah Quadrino *(Pro Hac Vice)*
lquadrino@steptoe.com
Scott M. Richey *(Pro Hac Vice)*
srichey@steptoe.com
Joseph Ecker
jecker@steptoe.com
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CODA DEVELOPMENT s.r.o., CODA
INNOVATIONS s.r.o., et al.,

                              Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER,
COMPANY, et al.,

                              Defendants.

CASE NO. 5:15-cv-1572

JUDGE SARA LIOI

## PLAINTIFFS' PROPOSED FINAL JURY INSTRUCTIONS

# TABLE OF CONTENTS

PLAINTIFFS' PROPOSED FINAL JURY INSTRUCTIONS ..................................................... 1

Introduction of Claims ........................................................................................................ 1

Combination....................................................................................................................... 2

Negative Information .......................................................................................................... 3

Limited Disclosure............................................................................................................. 4

Nondisclosure Agreement Not Required ........................................................................... 5

Improper Means ................................................................................................................. 6

Modifications or Improvements.......................................................................................... 7

Damages............................................................................................................................ 8

Actual Loss ........................................................................................................................ 9

Reasonable Royalty ........................................................................................................ 10

Correction of Inventorship Claim for U.S. Patent No. 8,042,586 ................................... 11

Co-Inventorship Claim for U.S. Patent No. 8,113,254.................................................... 12

Punitive Damages ........................................................................................................... 13

PLAINTIFFS' PROPOSED JURY VERDICT FORM ........................................................ 14

**PLAINTIFFS' PROPOSED FINAL JURY INSTRUCTIONS**

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Introduction of Claims[1]**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the Plaintiffs' claims against Defendants.

Plaintiffs have raised three separate claims. They are as follows:

1.  Misappropriation of trade secrets under Ohio law,

2.  Correction of inventorship for U.S. Patent No. 8,042,586 under federal law, and

3.  Co-inventorship for U.S. Patent No. 8,113,254 under federal law.

You should not speculate as to why other issues may no longer be part of this case, and you should not assume anything related to those issues.  You should decide the remaining claims based on the merits of the relevant evidence.

During this trial you may have heard testimony from Plaintiffs and Defendants concerning issues you no longer need to decide. You should disregard this evidence to the extent it is no longer relevant. You should not hold either party's allegations against the other in deciding the remaining claims, as they are no longer for your consideration.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[1] Final Jury Instructions, Trial Transcript at 2680:19-2681:3, *Allied Erecting and Dismantling, Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (Doc #: 288) (beginning at second paragraph).

**PLAINTIFF REQUESTED INSTRUCTION NO. \_\_\_**

**Combination[2]**

If the information could be readily learned by legitimate methods, such as by reading publicly available literature or by examining publicly available products, or if the information is commonly known in an industry, no one may claim it as a trade secret.  However, a trade secret can exist in a combination of characteristics and components, each of which, by itself, is commonly known or in the public domain.  As long as the unified process, formula, or design, is unique and affords its owner a competitive advantage, it is a trade secret.

Given          \_\_\_\_
Refused        \_\_\_\_
Withdrawn      \_\_\_\_
Modified       \_\_\_\_

---

[2] Instruction No. 6, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

2

## PLAINTIFF REQUESTED INSTRUCTION NO. ___

### Negative Information[3]

A trade secret can also include negative information that has commercial value, such as research results that prove that a certain process will not work.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

---

[3] Instruction No. 7, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Limited Disclosure[4]**

A disclosure to third parties, including suppliers or vendors, for a limited purpose does not result in the loss of trade secret protection because the holder of a trade secret may disclose it to another in confidence and under an implied obligation not to use or disclose it.

Given         ____
Refused       ____
Withdrawn     ____
Modified      ____

---

[4] Instruction No. 9, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

4

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Nondisclosure Agreement Not Required[5]**

Information can be a trade secret even if the parties had not executed any NDA.

Given         ____
Refused       ____
Withdrawn     ____
Modified      ____

---

[5] Memorandum Opinion and Order on Summary Judgment, Doc. # 262 at 15-16, 23; *Allied Erecting and Dismantling, Co., Inc., et al. v. Genesis Equipment & Manufacturing, Inc., et al.*, C.A. No. 4:06-CV-114 (N.D. Ohio July 2, 2010) (Doc # 311-4 at 7).

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Improper Means[6]**

"Improper means" includes theft, misrepresentation, a breach of a duty to maintain secrecy, or inducement of a breach of a duty to maintain secrecy.  This can include otherwise lawful conduct that is improper under the circumstances. "Improper means" does not include discovered information by independent invention.

Given      _____
Refused     _____
Withdrawn   _____
Modified    _____

---

[6] Instruction No. 12, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).  Modified to remove "reverse engineering," "bribery," "espionage," and "spying" because none are relevant here.

6

## PLAINTIFF REQUESTED INSTRUCTION NO. ___

### Modifications or Improvements[7]

The user of another's trade secret is liable even if they use it with modifications or improvements upon it effected by their own efforts, so long as the substance of the process is substantially derived from the other's secret.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[7] Jury Instructions, *Playwood Toys, v. Learning Curve Toys*, No. 94-cv-6884, 2000 WL 36740990 (N.D. Ill. Aug. 15, 2000) (Doc. #: 196).

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Damages[8]**

If you find that Defendants misappropriated one or more of Plaintiffs' trade secrets, Plaintiffs are entitled to recover damages.

Plaintiffs bear the burden of proving damages and may not recover if their entitlement to damages is based upon speculation or conjecture.  If it is certain that damages have resulted, however, mere uncertainty as to the amount will not preclude the right of recovery.  Plaintiffs are held to a lower burden of proof in determining the exact amount of damages because it is the wrongdoer who bears the risk of the uncertainty of which his own wrong has created.  Although to set a damage figure arbitrarily or through pure guesswork is impermissible, once the existence of damage has been shown, all that an award of damages requires is substantial evidence in the record to permit you to draw reasonable inferences and make a fair and reasonable assessment of the amount of damages.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[8] Instruction No. 15, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets) (introductory clause); Memorandum Opinion and Order on Summary Judgment, Doc. # 262 at 34, 36 (citations omitted).

8

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Actual Loss[9]**

One form of compensatory damages is the actual loss to the Plaintiffs caused by the misappropriation.

"Actual loss" means the Plaintiffs' lost profits.  Here, Plaintiffs seek their lost profits in the form of lost licensing revenue.  Such damages are calculated by deciding what the Plaintiffs were entitled to receive had the misappropriation of trade secrets not occurred.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

---

[9] Instruction No. 15 at ¶ (A) and No. 16, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets); Trial Transcript of *Mid-Michigan Comp. Sys. v. Marc Glassman, Inc*., No. 1:00-CV-3117-KMO (N.D. Ohio July 15, 2003) (Doc. # 256 at 25).

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Reasonable Royalty[10]**

If you decide that the damages provided by actual loss are insufficient under the circumstances, you may consider an award of damages based on a reasonable royalty as an alternative.  You may not issue an award based on actual loss plus a reasonable royalty.

A royalty is a license to use the trade secret and measures the value of the trade secret to the Defendants at the time that it was misappropriated, regardless of the commercial success of the enterprise. You should calculate what the parties would have agreed to as a fair price for licensing the Defendants to put the trade secret to the use the Defendants intended at the time the misappropriation took place. The royalty must be fair and reasonable under the circumstances, and you should consider the loss to the Plaintiffs, the benefit to the Defendants, or both.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[10] Instruction No. 18, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

## PLAINTIFF REQUESTED INSTRUCTION NO. ___

### Correction of Inventorship Claim for U.S. Patent No. 8,042,586[11]

The inventor of a patent is the person or persons who conceived the patented invention. To prove sole inventorship, a plaintiff must show by clear and convincing evidence that he actually conceived of the invention claimed in the patent.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[11] *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993), *Burroughs Wellcome Co. v. Barr Lab.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994).

11

**PLAINTIFF REQUESTED INSTRUCTION NO. ___**

**Co-Inventorship Claim for U.S. Patent No. 8,113,254[12]**

All inventors, even those who contribute to only one claim or one aspect of one claim of a patent, must be listed on that patent. To prove co-inventorship, a plaintiff must show by clear and convincing evidence that he contributed to the conception of at least one claim of the patent that is not insignificant.  There is, however, no explicit lower limit on the amount or quality of inventive contribution required for a person to qualify as a joint inventor. Persons can be co-inventors of a patent even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not contribute to the subject matter of every claim of the patent.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[12] 35 U.S.C. § 116; *Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*, 964 F.3d 1365, 1371 (Fed. Cir. 2020); *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348-49 (Fed. Cir. 2016); *Cardiaq Valve Technologies, Inc. v. Nevasc Inc.*, 708 Fed. Appx. 654, 658 (Fed. Cir. 2017); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350–51 (Fed. Cir. 1998).

## PLAINTIFF REQUESTED INSTRUCTION NO. ___

### Punitive Damages[13]

If you award compensatory damages, you may also consider an award of punitive damages. The purposes of punitive damages are to punish the Defendants for misconduct and to deter others from doing the same.  If you do not award compensatory damages, you may not consider punitive damages. In order to award punitive damages, you must find by clear and convincing evidence that the Defendants' misappropriation was both willful and malicious.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[13] Instruction No. 20, The Ohio Judicial Conference Ohio Jury Instructions, 1 OJI CV 537.11 (Trade Secrets).

13

**PLAINTIFFS' PROPOSED JURY VERDICT FORM**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | CASE NO. 5:15-cv-1572 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| THE GOODYEAR TIRE & RUBBER, COMPANY, et al., | |
| Defendants. | |

**JURY VERDICT FORM FOR MISAPPROPRIATION OF TRADE SECRETS**

Do you find in favor of the Plaintiffs on their claim for misappropriation of trade secrets against Defendants?

Yes: ___
No: ___

(All must agree)

_____     _____

_____     _____

_____     _____

_____     _____

Continue to the next page.

Given       ____
Refused     ____
Withdrawn   ____
Modified    ____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | CASE NO. 5:15-cv-1572 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| THE GOODYEAR TIRE & RUBBER, COMPANY, et al., | |
| Defendants. | |

**JURY VERDICT FORM FOR CORRECTION OF INVENTORSHIP FOR '586 PATENT**

Do you find in favor of Plaintiffs on their claim for
correction of inventorship for '586 Patent against Defendants?

Yes: ____
No: ____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

Continue to the next page.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | CASE NO. 5:15-cv-1572 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| THE GOODYEAR TIRE & RUBBER, COMPANY, et al., | |
| Defendants. | |

**JURY VERDICT FORM FOR CO-INVENTORSHIP FOR '254 PATENT**

Do you find in favor of Plaintiffs on their claim for
co-inventorship for '254 Patent against Defendants?

Yes: ___
No: ___

(All must agree)

_____     _____

_____     _____

_____     _____

_____     _____

Continue to the next page.

Given       ____
Refused     ____
Withdrawn   ____
Modified    ____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CODA DEVELOPMENT s.r.o., CODA
INNOVATIONS s.r.o., et al.,

                    Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER,
COMPANY, et al.,

                    Defendants.

CASE NO. 5:15-cv-1572

JUDGE SARA LIOI

**JURY VERDICT FORM FOR AFFIRMATIVE DEFENSES**

Do you find in favor of the Defendants and against
Plaintiffs on any of Defendants' affirmative defenses?

Statute of Limitations

                                        Yes: ____
                                        No: ____

      (All must agree)

_____      _____

_____      _____

_____      _____

_____      _____

Laches

Yes: ____
No: ____

(All must agree)

_____      _____

_____      _____

_____      _____

_____      _____

Equitable Estoppel

Yes: ____
No: ____

(All must agree)

_____      _____

_____      _____

_____      _____

_____      _____

Continue to the next page.

Given         ____
Refused       ____
Withdrawn     ____
Modified      ____

18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | CASE NO. 5:15-cv-1572 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| THE GOODYEAR TIRE & RUBBER, COMPANY, et al., | |
| Defendants. | |

**JURY VERDICT FORM FOR COMPENSATORY DAMAGES FOR**
**MISAPPROPRIATION OF TRADE SECRETS**

If you found in favor of the Plaintiffs against Defendants, what compensatory
damages do you find Plaintiffs are entitled to on their claim of misappropriation of trade secrets?
(State the amount, or if you find that Plaintiffs' damages
have no monetary value, set forth a nominal amount such as $1.00.)
Do <u>not</u> include punitive damages in this calculation.

Total: _____

(All must agree)

_____         _____

_____         _____

_____         _____

_____         _____

Continue to the next page.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

CODA DEVELOPMENT s.r.o., CODA
INNOVATIONS s.r.o., et al.,

                      Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER,
COMPANY, et al.,

                      Defendants.

CASE NO. 5:15-cv-1572

JUDGE SARA LIOI

**JURY VERDICT FORM FOR WILLFUL AND MALICIOUS**
**MISAPPROPRIATION OF TRADE SECRETS**

Have Plaintiffs proven by clear and convincing evidence that Defendants acted
willfully and maliciously with respect to misappropriation?

Yes: ___
No: ___

(All must agree)

_____       _____

_____       _____

_____       _____

_____       _____

20

Have Plaintiffs proven by a preponderance of the evidence that Defendants acted willfully and maliciously with respect to misappropriation?

Yes: ____
No: ____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

Continue to the next page.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | CASE NO. 5:15-cv-1572 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| THE GOODYEAR TIRE & RUBBER, COMPANY, et al., | |
| Defendants. | |

**JURY VERDICT FORM FOR PUNITIVE DAMAGES**

If you found in favor of Plaintiffs against Defendants, what punitive damages, if any, do you find Plaintiffs are entitled to on their claim of misappropriation of trade secrets? If punitive damages are awarded, the award must <u>not</u> be more than <u>three</u> times the amount of any compensatory damages you may award.  Do <u>not</u> include compensatory damages in the amount of any punitive damages you may award.

Total: _____

(All must agree)

_____        _____

_____        _____

_____        _____

_____        _____

Given          _____
Refused        _____
Withdrawn      _____
Modified       _____

Respectfully submitted,

/s/ Scott M. Richey

Boyd Cloern *(Pro Hac Vice)*
bcloern@steptoe.com
Leah Quadrino *(Pro Hac Vice)*
lquadrino@steptoe.com
Scott M. Richey *(Pro Hac Vice)*
srichey@steptoe.com
Joseph Ecker
jecker@steptoe.com
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Stephen W. Funk (0058506)
funk@ralaw.com
Emily K. Anglewicz (0083129)
eanglewicz@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
(T) 330.376.2700
(F) 330.376.4577

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CODA DEVELOPMENT s.r.o., CODA
INNOVATIONS s.r.o., et al.,

                          Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER,
COMPANY, et al.,

                          Defendants.

CASE NO. 5:15-cv-1572

JUDGE SARA LIOI

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**A.  PRELIMINARY JURY INSTRUCTIONS** ....................................................... **1**

Trade Secrets ................................................................................................................. 1

Patents ........................................................................................................................... 3

Glossary of Patent Terms ............................................................................................. 6

Glossary of Technical Terms ........................................................................................ 8

Claims and Defenses .................................................................................................... 11

Province of Judge and Jury ......................................................................................... 13

Jury Conduct ................................................................................................................ 14

Juror Use of Electronic Technology—Before Trial .................................................... 16

**B.  FINAL JURY INSTRUCTIONS** .................................................................... **18**

Introduction of Claims ................................................................................................ 18

Effect of Refusal of Witness to Answer ..................................................................... 19

Trade Secret – General ................................................................................................ 20

Trade Secret – Definiteness ........................................................................................ 21

Trade Secret – Public Domain .................................................................................... 23

Trade Secret – Independent Economic Value ............................................................ 25

Trade Secret – What Are Not Trade Secrets .............................................................. 26

Trade Secret – Improper Means .................................................................................. 27

Duty of Confidentiality ............................................................................................... 28

Proximate Cause ......................................................................................................... 29

Compensatory Damages .............................................................................................. 30

Actual Loss .................................................................................................................. 31

Apportionment ............................................................................................................. 32

Effect of Instruction as to Damages ...................................................................... 33

Willful and Malicious ........................................................................................... 34

Inventorship .......................................................................................................... 35

Jury Verdict .......................................................................................................... 39

A.      **PRELIMINARY JURY INSTRUCTIONS**

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Trade Secrets**

This is a trade secrets case.  "Trade secret" means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or business information or plans that satisfies all of the following:

(A) the information derives independent economic value, actual or potential, from

(1) not being generally known to other persons who can obtain economic value from its disclosure or use; and

(2) not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

(B) the information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.[1]

In order to be a trade secret, something must not be in the public domain; in other words, it cannot be generally known or readily ascertainable in the industry. If the information could be readily learned or ascertained by legitimate methods, such as by reading publicly available literature or by examining publicly available products, or if the information is commonly known in an industry, no one may claim it as a trade secret.  However, a trade secret can exist in a new combination of characteristics and components, each of which, by itself, is commonly known or in the public domain. As long as the unified process, formula or design, is unique and affords its

---

[1] 1 CV Ohio Jury Instructions 537.11 Trade secrets [Rev. 6/27/20]; O.R.C. § 1333.61 (D).

owner a competitive advantage, it is a trade secret. Also, information disclosed in a patent is a

matter of public record and thus by definition is not subject to trade secret protection.[2]

Given     _____
Refused     _____
Withdrawn    _____
Modified     _____

---

[2] Final Jury Instructions, *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, No. 4:13-cv-01716-BYP, ECF No. 23-6 at 173 (N.D. Ohio Oct. 11, 2013) (instructions from Allied I case filed on Allied II docket).

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

### Patents[3]

There are patents involved in this case that relate to tires, and in particular, self-inflating tires.

During the trial, the parties will offer testimony to familiarize you with this technology. For your convenience, the parties have also prepared a Glossary of some of the technical terms to which they may refer during the trial, which will be distributed to you.

The Goodyear Tire & Rubber Company is the owner of two patents-at-issue, which are identified by the Patent Office numbers: 8,042,586 (which may be called "the '586 patent"); and 8,113,254 (which may be called "the '254 patent"). These patents may also be referred to as "the Goodyear patents." Coda is the owner of different patents and patent applications you may hear of and see in this case, which may be referred to as "the Coda patents."

Patents are granted by the United States Patent and Trademark Office (sometimes called the "PTO" or "USPTO"). A patent gives the owner the right to exclude others from making, using, offering to sell, or selling the claimed invention within the United States or importing it into the United States. During the trial, the parties may offer testimony to familiarize you with how one obtains a patent from the PTO, but I will give you a general background here.

To obtain a patent, an application for a patent must be filed with the PTO by an applicant. The application includes a specification, which should have a written description of the invention, how it works, and how to make and use it so as to enable others skilled in the art to do so. The specification concludes with one or more numbered sentences or paragraphs. These are called the "claims" of the patent. The purpose of the claims is to particularly point out what the

---

[3] 2019 AIPLA Model Patent Jury Instructions, §§ II.1-1.1.

applicant regards as the claimed invention and to define the scope of the patent owner's exclusive rights.

After an application for a patent is filed with the PTO, the application is reviewed by a trained PTO Patent Examiner. The Patent Examiner reviews (or examines) the patent application to determine whether the claims are patentable and whether the specification adequately describes the claimed invention. In examining a patent application, the Patent Examiner searches records available to the PTO for what is referred to as "prior art," and he or she also reviews prior art submitted by the applicant.

Generally, prior art is previously existing technical information and knowledge against which the Patent Examiners determine whether or not the claims in the application are patentable. The Patent Examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of this prior art. In addition, the Patent Examiner may consider whether the claims are directed to subject matter that is not eligible for patenting, such as natural phenomena, laws of nature, and abstract ideas. The Patent Examiner also may consider whether the claims are not indefinite and are adequately enabled and described by the application's specification.

Following the prior art search and examination of the application, the Patent Examiner advises the applicant in writing what the Patent Examiner has found and whether any claim is patentable (in other words, "allowed"). This writing from the Patent Examiner is called an "Office Action." More often than not, the initial Office Action by the Patent Examiner rejects the claims. The applicant then responds to the Office Action and sometimes cancels or changes the claims or submits new claims or makes arguments against a rejection. This process may go back and forth between the Patent Examiner and the applicant for several months or even years until

the Patent Examiner is satisfied that the application and claims are patentable. Upon payment of an issue fee by the applicant, the PTO then "issues" or "grants" a patent with the allowed claims.

The collection of papers generated by the Patent Examiner and the applicant during this time of corresponding back and forth is called the "prosecution history." You may also hear the "prosecution history" referred to as the "file history" or the "file wrapper."

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Glossary of Patent Terms[4]**

**Application—**The initial papers filed by the applicant in the United States Patent and Trademark Office (also called the "USPTO" or "PTO").

**Claims—**The numbered sentences or paragraphs appearing at the end of the patent that define the invention. The words of the claims define the scope of the patent owner's exclusive rights during the life of the patent.

**File wrapper—**See "prosecution history" below.

**License—**Permission to use the patented invention(s), which may be granted by a patent owner (or a prior licensee) in exchange for a fee called a "royalty" or other compensation.

**Office Action—**Communication from the Patent Examiner regarding the patent application.

**Ordinary skill in the art—**The level of experience, education, or training generally possessed by those individuals who work in the area of the invention at the time of the invention.

**Patent Examiners—**Personnel employed by the PTO in a specific technical area who review (examine) the patent application to determine (1) whether the claims are eligible for patenting, (2) whether the claims of a patent application are patentable over the prior art considered by the examiner, and (3) whether the specification/application describes the invention with the required specificity.

**PCT—**Abbreviation for "Patent Cooperation Treaty." Used to designate international patent applications.

---

[4] 2019 AIPLA Model Patent Jury Instructions, § III.

**Prior art**—Knowledge that is available to the interested public either prior to the invention by the applicant or more than one year prior to the filing date of the application.

**Prosecution History**—The written record of proceedings between the applicant and the PTO, including the original patent application and later communications between the PTO and applicant. The prosecution history may also be referred to as the "file history" or "file wrapper" of the patent during this trial.

**References**—Any item of prior art used to determine patentability.

**Specification**—The information that appears in the patent and concludes with one or more claims. The specification includes the written text, the claims, and the drawings. In the specification, the inventor describes the invention, how it works, and how to make and use it.

Given           _____
Refused         _____
Withdrawn       _____
Modified        _____

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

### Glossary of Technical Terms[5]

**Aperture**—An opening, hole, or gap.

**Axial**—Situated around, in the direction of, on, or along an axis.

**Bi-directional tire**—A tire designed to work equally well when rolling in either direction. In contrast, a mono-directional tire is designed to work best when rolling in only one direction.

**Centrifugal force**—The apparent force that is felt by an object moving in a curved or circular path that acts outwardly away from the center of rotation.

**Check valve**—A valve that permits flow in one direction only.

**Filament**—A single thread or a thin flexible threadlike object.

**Finite element analysis (FEA)**—A computerized method for predicting how a product reacts to real-world forces, vibration, heat, fluid flow, and other physical effects.

**Green tire**—A tire that has all the parts put together but has not been cured or had the tread added to it yet.

**Membrane**—A thin soft pliable sheet or layer.

**Non-pneumatic tire (NPT)**—A tire that does not use pressurized air to maintain its shape or to absorb shock. Also called "airless" tires.

**Peristaltic pump**—A pump in which fluid is forced along by waves of contraction produced mechanically on flexible tubing.

**Pneumatic tire**—A tire designed to be filled with air under pressure and mounted around the wheel of a vehicle; typically made of rubber.

---

[5] 2019 AIPLA Model Patent Jury Instructions, § IV.

**Prototype**—A full-scale and usually functional model of a new type or design of a construction.

**PSI**—Abbreviation for "pounds per square inch," a standard of measurement for air pressure common in the United States.

**Radial**—Relating to, placed like, or moving along a radius. Spokes of a wheel extend radially from the center axis.

**Radial tire**—A pneumatic tire in which the ply cords that extend to the beads are laid at approximately 90 degrees to the centerline of the tread

**Regulator**—A valve that controls the pressure of a fluid or gas to a desired value, using negative feedback from the controlled pressure.

**Retread**—To bond or vulcanize a new tread to the prepared surface of a worn tire, or a tire that has been retreaded.

**Tire bead**—The reinforced section of a tire that contacts the wheel rim and creates and maintains an airtight seal between the wheel and tire.

**Tire carcass**—The layer of a tire above the inner liner and consisting of thin textile fiber cords bonded into the rubber.

**Tire plies**—The internal layers that make up the inner working of a tire; typically rubberized textile cords wrapped under the beads of the tire.

**Tire sidewall**—The vertical area on the side of a tire between the edge of the tread and the bead of the tire.

**Tire tread**—The area on the circumference of a tire that makes contact with the road or ground; typically formed with grooves or patterns to improve traction.

**TPMS**—Abbreviation for "tire pressure monitoring system." A government required feature on modern vehicles for wirelessly monitoring tire air pressure and providing warnings if tire pressure is too low.

**Valve stem**—A basic feature of pneumatic tires or wheel rims that allows one to add or remove air as needed; typically consisting of a stem-like body with a threaded end, a check valve, and a cap.

**Vulcanization**—The process of treating crude or synthetic rubber or similar plastic material chemically to give it useful properties, such as elasticity, strength, and stability.

**Wheel rim**—The outer edge of a wheel which holds the tire.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Claims and Defenses[6]**

The positions of the parties can be summarized as follows:

Plaintiffs claim that: Frantisek Hrabal is entitled to an Order from the Court requiring correction of the inventorship of U.S. Patent No. 8,042,586 to name Mr. Hrabal as the first, true, and original inventor of the self-inflating tire assembly claimed in the patent; Mr. Hrabal is entitled to an Order from the Court requiring correction of the inventorship of U.S. Patent No. 8,113,254 to name Mr. Hrabal as a co-inventor of the patent; and Coda is entitled to damages for its actual loss resulting from Goodyear's misappropriations of Coda's trade secrets, as well as to an award of punitive or exemplary damages.

Defendants deny those claims and also contend that: Mr. Hrabal is not an inventor of the '586 or '254 patent, he cannot corroborate his conception or contribution to the conception of any invention claimed in the '586 and '254 patents, and he did not collaborate with the inventors of the '586 and '254 patents; Coda did not possess or disclose to Goodyear any trade secrets; Coda's alleged trade secrets lack independent economic value and were generally known to or readily ascertainable through proper means by other persons who could obtain economic value, if any, from their disclosure and use; Coda's alleged trade secrets were not the subject of efforts reasonable under the circumstances to maintain their secrecy; Goodyear did not acquire any trade secret information from Coda; Goodyear did not use any trade secrets of Coda and did not disclose, or claim in patent filings, any trade secrets of Coda; Coda has not suffered any injury in fact from the conduct alleged; Goodyear's conduct was and is neither the cause in fact nor

---

[6] 3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.); [Proposed] Final Pretrial Order, *Coda v. Goodyear*, No. 5:15-cv-01572-SL, ECF No. 319 at 14691-93 (N.D. Ohio Jul. 14, 2022).

proximate cause of any injury, loss, or damages alleged by Coda; and Coda is not entitled to any

damages.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Province of Judge and Jury[7]**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[7] 3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.).

13

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Jury Conduct[8]**

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it, or do any research on the Internet or discuss on social media anything about the case or about anyone involved in it.

6. Do not do any research, such as checking dictionaries or the Internet, or make any investigation about the case on your own.

---

[8] 3 Fed. Jury Prac. & Instr. § 101:11 (6th ed.).

14

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the clerk to give to me.

Given       _____
Refused     _____
Withdrawn   _____
Modified    _____

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Juror Use of Electronic Technology—Before Trial[9]**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

---

[9] 3 Fed. Jury Prac. & Instr. § 101:13 (6th ed.).

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

**B.**     **FINAL JURY INSTRUCTIONS**

### DEFENDANTS' REQUESTED INSTRUCTION NO. ___

### Introduction of Claims[10]

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the Plaintiffs' claims against Defendants.

Plaintiffs have raised three separate claims. They are as follows:

1.  Misappropriation of trade secrets under Ohio law,

2.  Correction of inventorship for U.S. Patent No. 8,042,586 under federal law, and

3.  Co-inventorship for U.S. Patent No. 8,113,254 under federal law.

---

[10] Final Jury Instructions, Trial Transcript at 2680:19-2681:3, *Allied Erecting and Dismantling, Co., Inc. v. United States Steel Corp.*, No. 4:12-CV-1390 (N.D. Ohio June 3, 2015) (Lioi, J.) (Doc #: 288) (beginning at second paragraph).

18

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Effect of Refusal of Witness to Answer[11]**

The law requires every witness to answer all proper questions put to the witness at trial, unless I rule the witness is privileged to refuse to answer on constitutional or other grounds.

The fact a witness refuses to answer a question after being instructed by me to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[11] 3 Fed. Jury Prac. & Instr. § 105:10 (6th ed.).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Trade Secret – General**[12]

Coda claims that Goodyear misappropriated Coda's trade secrets by using them in

Goodyear's Air Maintenance Tire (AMT) programs and by disclosing them in its patent filings,

in violation of the parties' non-disclosure agreement.

Given       ____
Refused     ____
Withdrawn   ____
Modified    ____

---

[12] 1 CV Ohio Jury Instructions 537.11 Trade secrets [Rev. 6/27/20]; Jury Instruction No. 20, *Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08-cv-1565, ECF No. 466 at 25930 (N.D. Ohio Apr. 25, 2012).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Trade Secret – Definiteness**

Before you can decide whether defendants misappropriated any Coda trade secrets, you must first find that Coda proved by a preponderance of the evidence that it possessed specific, identifiable trade secrets.[13] There is a general requirement that a person claiming rights in a trade secret bears the burden of defining the information for which protection is sought with sufficient definiteness to permit a court to apply the criteria for protection and to determine the fact of an appropriation.[14] The plaintiff must disclose the allegedly misappropriated trade secrets with reasonable particularity.[15] The requirement of reasonable particularity matters because a trade secret described in general terms will usually be widely known or readily ascertainable by proper means and thus not a trade secret.[16] It is not enough for Coda to point to broad areas of

---

[13] *Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 712 (Fed. Cir. 2021) (citing Joint App'x at 37623); *see also* Verdict Form, *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-14 (JFB) (SRF), ECF No. 1060 at 64521 (D. Del. Aug. 12, 2019) ("Has Olaplex proven that on May19, 2015, it possessed specific, identifiable Trade Secret(s) as outlined in the Jury Instruction Numbers 40, and 84-87?").

[14] *Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 712 (Fed. Cir. 2021) (citing *TLS Mgmt. & Mktg. Servs., LLC v. Rodríguez-Toledo*, 966 F.3d 46, 53 (1st Cir. 2020); Restatement (Third) of Unfair Competition § 39 cmt. d (Am. Law Inst. 1995)); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 n.1 (9th Cir. 2020) (noting that the particularity requirement has been applied in federal trade-secret cases)).

[15] *SmithKline Beecham Pharms. Co. v. Merck & Co.*, 766 A.2d 442, 447 (Del. 2000) (citing *Engelhard Corp. v. Savin Corp.*, Del. Ch., 505 A.2d 30, 33 (1986); *Magnox v. Turner*, Del. Ch., C.A. No. 11951, 1991 WL 182450 at *1, Hartnett, V.C. (Sept. 10, 1991)); *accord Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 712 (Fed. Cir. 2021).

[16] *Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 712 (Fed. Cir. 2021) (quoting *BondPro Corp. v. Siemens Power Generation, Inc.*, 463 F.3d 702, 710 (7th Cir. 2006); see also *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) ("Identifying trade secrets with sufficient particularity is important because defendants need concrete identification to prepare a rebuttal. Courts and juries also require precision because, especially where a trade secrets claim involves a sophisticated and highly complex system, the district court or trier of fact will not have the requisite expertise to define what the plaintiff leaves abstract." (cleaned up)); *Givaudan Fragrances Corp. v. Krivda*, 639 F. App'x 840, 845 (3d Cir. 2016) ("It

technology and assert that something there must have been secret and misappropriated; Coda

must show concrete secrets.[17]

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

is patently obvious that trade secrets must be identified with enough specificity to put a
defendant on notice of what is actually alleged to have been stolen.").

[17] *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir.
1992); *accord Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 712-13 (Fed. Cir. 2021).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Trade Secret – Public Domain[18]**

You have heard the instruction on the definition of a trade secret. In order to be a trade secret, something must not be in the public domain; in other words, it cannot be generally known or readily ascertainable in the industry. If the information could be readily learned or ascertained by legitimate methods, such as by reading publicly available literature or by examining publicly available products, or if the information is commonly known in an industry, no one may claim it as a trade secret.

Therefore, if you find that any of the items that Coda is claiming to be trade secrets are actually in the public domain, then you must find that the item is not a trade secret and you cannot award Coda damages for that item. However, a trade secret can exist in a new combination of characteristics and components, each of which, by itself, is commonly known or

---

[18] Final Jury Instructions, *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, No. 4:13-cv-01716-BYP, ECF No. 23-6 at 173 (N.D. Ohio Oct. 11, 2013) (instructions from Allied I case filed on Allied II docket); *see also Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished."); *Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 707 (Fed. Cir. 2021) ("Information in published patents or patent applications is readily ascertainable by proper means.") (collecting cases); *Atl. Research Mktg. Systems, Inc. v. Troy*, 659 F.3d 1345, 1357 (Fed. Cir. 2011) ("A trade secret is secret. A patent is not. That which is disclosed in a patent cannot be a trade secret.").*Heartland Home Fin., Inc. v. Allied Home Mortg. Cap. Corp.*, 258 F. App'x 860, 861–62 (6th Cir. 2008); *Hickory Specialties, Inc. v. Forest Flavors Int'l, Inc.*, 215 F.3d 1326 (6th Cir. 2000) ("Matters of public knowledge or general knowledge in the industry or ideas which are well known or easily ascertainable, cannot be trade secrets."); *State ex rel. Rea v. Ohio Dept. of Educ.*, 81 Ohio St. 3d 527, 692 N.E.2d 596, 601 (1998) ("Once material is publicly disclosed, it loses any status it ever had as a trade secret."); *MP TotalCare Servs., Inc. v. Mattimoe*, 648 F. Supp. 2d 956, 966–67 (N.D. Ohio 2009); *Thermodyn Corp. v. 3M Co.*, 593 F. Supp. 2d 972, 986 (N.D. Ohio 2008); *R&R Plastics, Inc. v. F.E. Myers, Co.*, 637 N.E.2d 332, 341 (Ohio Ct. App. 1993).

in the public domain. As long as the unified process, formula or design, is unique and affords its owner a competitive advantage, it is a trade secret.

Also, information disclosed in a patent is a matter of public record and thus by definition is not subject to trade secret protection. Therefore, if you find that any of the items that Coda is claiming to be trade secrets are disclosed in its patents, then you must find that item is not a trade secret and you cannot award Coda damages for that item.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

**DEFENDANTS' REQUESTED INSTRUCTION NO. \_\_\_**

**Trade Secret – Independent Economic Value[19]**

The item for which trade secret protection is claimed must also have some independent economic value. A trade secret is information that derives independent economic value, actual or potential, from not being generally known to or ascertainable by proper means by other persons who can obtain economic value from its disclosure or use. Information is valuable to a business if it gives that business a competitive advantage over other businesses that do not know the information.

To help you determine whether Coda enjoyed either an actual or potential competitive advantage, you may consider such things as:

(1) The degree to which the information was generally known or readily ascertainable by others;

(2) The extent to which Coda used or uses the information in its business;

(3) Whether the information allows Coda to earn increased profits or operate its business more efficiently;

(4) What gain or benefits Goodyear's business would have obtained from the information; and

(5) What money, effort, and time Coda expended to develop the information.

Given        \_\_\_\_
Refused      \_\_\_\_
Withdrawn    \_\_\_\_
Modified     \_\_\_\_

---

[19] Final Jury Instructions, *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.,* No. 4:13-cv-01716-BYP, ECF No. 23-6 at 174 (N.D. Ohio Oct. 11, 2013) (instructions from Allied I case filed on Allied II docket).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Trade Secret – What Are Not Trade Secrets[20]**

The designation of a document as "confidential" does not automatically make anything contained in the document a trade secret.

Additionally, the fact that Goodyear and/or Dr. Benedict may have signed a confidentiality agreements with Coda does not automatically mean that any information they obtained from Coda are trade secrets.

Finally, when looking at the exhibits, you may not consider extraneous highlighting, markings or labels, such as "confidential," or "attorneys eyes only," in determining whether a trade secret exists. These extraneous marks were made by attorneys during pre-trial discovery and are irrelevant to your evaluation of the evidence. You must determine whether a particular item is a trade secret on the instructions I have given you.

Given       ____
Refused     ____
Withdrawn   ____
Modified     ____

---

[20] Final Jury Instructions, *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, No. 4:13-cv-01716-BYP, ECF No. 23-6 at 174 (N.D. Ohio Oct. 11, 2013) (instructions from Allied I case filed on Allied II docket).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Trade Secret – Improper Means[21]**

"Improper means" includes theft, bribery, misrepresentation, a breach of a duty to maintain secrecy, inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means. This can include otherwise lawful conduct that is improper under the circumstances. "Improper means" does not include discovered information by independent invention or reverse engineering. Reverse engineering is starting with a known product and working backward to find the method by which it was developed.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[21] 1 CV Ohio Jury Instructions 537.11 Trade secrets [Rev. 6/27/20].

27

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Duty of Confidentiality[22]**

Under the non-disclosure agreement between the parties, Goodyear could not share any confidential information Goodyear acquired from Coda during the two 2009 meetings  with anyone or use it except to evaluate a possible cooperation with Coda.

Goodyear, however, had no obligation to Coda with respect to any information that: was available to the general public at the time of disclosure; became at a later date available to the general public through no fault of Goodyear and then only after such date; or Goodyear demonstrated was in its possession before receipt.

In the case of disclosures of confidential information made orally or by visual inspection, Coda had the right, or if requested by Goodyear, the obligation, to confirm in writing within sixty days after the disclosure was made the fact and general nature of such disclosure. Coda did not confirm in writing any disclosures made orally or by visual inspection, and Goodyear did not request any such confirmation.

Goodyear's obligation to keep any confidential Coda information secret lasted only until January 1, 2012.

Given          ____
Refused        ____
Withdrawn      ____
Modified       ____

---

[22] Final Jury Instructions, *Mar Oil Co. v. Korpan*, No. 3:11-cv-01261-JGC, ECF No. 317 at 5598 (N.D. Ohio Jun. 5, 2015); Confidential Information Disclosure Agreement, *Coda v. Goodyear*, No. 15-cv-1572, ECF No. 223-12 at 7457-58 (N.D. Ohio Feb. 8, 2021).

28

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Proximate Cause[23]**

You may award damages only for those injuries or damages that you find have been proven by a greater weight of the evidence to have been proximately or directly caused by the other party's wrongful conduct. You must distinguish between the existence of a wrongful act and the existence of injuries or damages naturally resulting from the wrongful act. Thus, even if you find for Coda on a claim, you must ask yourself whether Coda has also proven, by the greater weight of the evidence, that the wrongful act caused the actual losses Coda alleges to have suffered.

Given       _____
Refused     _____
Withdrawn   _____
Modified    _____

---

[23] Jury Instruction No. 33, *Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08-cv-1565, ECF No. 466 at 25930 (N.D. Ohio Apr. 25, 2012); *see also* 1 CV Ohio Jury Instructions 207.19 Proximate cause: sample instruction [Rev. 12-11-10].

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

### Compensatory Damages

If you find that the defendants have misappropriated the plaintiffs' trade secret(s), the plaintiffs are entitled to recover compensatory damages consisting of the actual loss to the plaintiffs caused by the misappropriation.[24]

Coda may recover damages for trade secret misappropriation only for the period in which information is entitled to protection as a trade secret plus an additional period, if any, in which Goodyear retained an advantage over good faith competitors because of the misappropriation. This period may be measured by the time it would have taken Goodyear to obtain the information by proper means such as researching publications, reverse engineering, or independent development.[25]

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[24] 1 CV Ohio Jury Instructions 537.11 Trade secrets [Rev. 6/27/20].

[25] Court's Instructions to the Jury, *Caudill Seed and Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS, ECF No. 432 at 19771-72 (W.D. Ky. Jun. 25, 2019).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Actual Loss**

"Actual loss" means Coda's lost profits.[26]  Damages on the basis of lost profits must be proven with reasonable certainty and may not be based upon speculation or conjecture.[27]

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[26] 1 CV Ohio Jury Instructions 537.11 Trade secrets [Rev. 6/27/20].

[27] Final Jury Instructions, *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, No. 4:13-cv-01716-BYP, ECF No. 23-6 at 176 (N.D. Ohio Oct. 11, 2013) (instructions from Allied I case filed on Allied II docket); *see also Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 511 F. App'x 398, 404 (6th Cir. 2013); *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 641 (6th Cir. 2020) ("Simply suggesting that [trade secret plaintiff] lost business or that its reputation was harmed is insufficient."); *Brookside Ambulance, Inc. v. Walker Ambulance Serv.*, 112 Ohio App. 3d 150, 158, 678 N.E.2d 248, 253 (1996) ("A plaintiff must prove any lost profit figure by calculations based on facts."); *MAR Oil Co. v. Korpan*, 973 F. Supp. 2d 775, 783 (N.D. Ohio 2013).

31

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

### Apportionment

The amount you find as damages must be based on the value attributable to each misappropriated trade secret, as distinct from non-trade secret features or other factors such as Coda's patents, non-misappropriated trade secrets, public or general knowledge, know-how, marketing or advertising, or Goodyear's size or market position. An amount compensating Coda for damages must reflect the value attributable to the misappropriated trade secret(s), and no more. The process of separating the value of the allegedly misappropriated trade secret(s) from the value of all other features is called apportionment. Your award must be apportioned so that it is based only on the value of the misappropriated trade secret(s), and no more.[28]

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[28] FCBA Model Patent Jury Instructions § B.5.12 & n.4, Damages – Apportionment (May 2020) (modified for trade secrets); *see also* Court's Instructions to the Jury, *Caudill Seed and Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS, ECF No. 432 at 19771 (W.D. Ky. Jun. 25, 2019) (instructing the jury on apportionment in trade secrets case); *Tex. Advanced Optoelectronic Solutions, Inc. v. Renesas Elecs. Am., Inc.*, 985 F.3d 1304, 1317 (Fed. Cir. 2018) (damages award "must be vacated" where plaintiff could not receive a full recovery on all of its trade secrets and failed to apportion its damages amongst them); *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1076 (N.D. Cal. 2005) (expert testimony that failed to apportion damages amongst twelve asserted trade secrets was stricken because plaintiff was not entitled to a full recovery on all of its trade secrets); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 2011 WL 4625760, at *9 (E.D. Va. Oct. 3, 2011) (defendant granted judgment as a matter of law where plaintiff's expert failed to apportion damages amongst the asserted trade secrets but plaintiff could not recover the full value of all of them); *Mgmt. & Eng'g Techs. Int'l, Inc. v. Info. Sys. Support, Inc.*, 490 F. App'x 30, 33 (9th Cir. 2012) (unapportioned damages evidence insufficient where plaintiff was not entitled to a complete recovery on all of its trade secrets)..

32

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

**Effect of Instruction as to Damages**[29]

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

_____

[29] 3 Fed. Jury Prac. & Instr. § 106:02 (6th ed.).

33

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

### Willful and Malicious[30]

If you find that Goodyear misappropriated Coda's trade secret(s), you must decide whether you find by clear and convincing evidence that Goodyear acted with malice.

To be clear and convincing evidence, the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about the truth of the matter.

Conduct is malicious if it is done with a state of mind characterized by hatred, ill will, or a spirit of revenge, or if it is done with a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm. Substantial means major or significant and not trifling or small.

Given        ____
Refused      ____
Withdrawn    ____
Modified     ____

---

[30] Jury Instruction No. 36, *Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08-cv-1565, ECF No. 466 at 25930 (N.D. Ohio Apr. 25, 2012); *see also* 1 CV Ohio Jury Instructions 537.11 Trade secrets [Rev. 6/27/20]; 1 CV Ohio Jury Instructions 315.37 Punitive damages: certain tort actions (claims arising on and after 4/7/05) [Rev. 9/12/20].

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

### Inventorship[31]

Coda contends that Plaintiff Frantisek Hrabal is an inventor of two Goodyear patents involved in this case: U.S. Patent Number 8,042,586 (referred to as "the '586 patent") and U.S. Patent Number 8,113,254 (referred to as "the '254 patent").  Coda contends that the '586 patent should be amended to show that Mr. Hrabal is the sole inventor of each and every claim in that patent, and that the '254 patent should be amended to show that Mr. Hrabal is a co-inventor of at least one claim in that patent.

Defendant Robert Benedict is named as a co-inventor of the '586 patent, along with non-party Robert Losey.  Defendant Robert Benedict is named as the sole inventor of the '254 patent.

After a patent has been issued, the law presumes that it names the correct inventors. It is therefore necessary for a person who claims to be a co-inventor or sole inventor, and seeks to change the inventors named on the patent, to prove the fact of co-inventorship or sole inventorship by clear and convincing evidence.

To be an inventor, a person must make a significant contribution to the conception of one or more inventions claimed in the patent. Conception means the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention.

---

[31] Final Jury Instructions, *Shum v. Intel Corp. et al.*, No. 4:02-cv-03262, ECF No. 931 at 8-11 (N.D. Cal. Dec. 22, 2008); *see also* FCBA Model Patent Jury Instructions, B.4.3d (May 2020); *Shum v. Intel Corp.*, 499 F.3d 1272, 1277–79 (Fed. Cir. 2007) (inventorship is a question of law that does not confer a right to a jury trial, but if a plaintiff has a right to a jury trial on other claims, the jury should decide facts related to inventorship if inventorship and other claims to which a right to a jury trial attaches share common factual questions). Goodyear offers this instruction contingent on the Court finding that Coda has a right to a jury trial on its misappropriation claim and that Coda has shown commonality of factual questions between its inventorship and misappropriation claims.

The inventor must also make a disclosure of the invention which is sufficient to enable a person of ordinary skill in the art of the invention to make the invention or reduce it to practice. A person of ordinary skill in the art is a hypothetical person who possesses a level of knowledge in the relevant field of art, which has been gained by education or experience, and which enables the person to understand the types of problems encountered in that field. An invention is "reduced to practice" when it is sufficiently developed to show that it would work for its intended purpose.

More than one person may be an inventor of a patent. To be a co-inventor it is not necessary that a person make a significant contribution to the conception of every claim of a patent, but it is necessary that a person make a significant contribution to the conception of at least one of the claims of the patent. A person who does no more than help with experimentation by carrying out the actual inventor's instructions, or by explaining the ideas of the actual inventor or the state of the art, is not a co-inventor.

The law of inventorship also holds that the uncorroborated testimony of a person who claims to be an inventor is not sufficient in and of itself to prove the fact of inventorship. It is therefore necessary that in order to use the testimony of a claimed inventor to prove the fact of inventorship, it must be corroborated by independent evidence. That corroboration may be provided by independent evidence from documents or other circumstances, or by the testimony of other persons. Any document that is undated or not witnessed by another person is to be given minimal value in corroborating conception.

In order to amend the inventorship of the '254 patent to name Mr. Hrabal as a co-inventor, Coda must prove the following things:

(1) That Mr. Hrabal conceived, in whole or in part, the invention stated in one or more of the claims of the patent; and

(2) That Mr. Hrabal disclosed to Dr. Benedict the conception related to the invention at or about the same time that it was made.

In order to amend the inventorship of the '586 patent to name Mr. Hrabal as the sole inventor, Coda must prove the following things:

(1) That Mr. Hrabal conceived each invention stated in every claim of the '586 patent; and

(2) That Dr. Benedict and Mr. Losey did not contribute to the conception of any invention stated in any claim of the '586 patent.

Given        _____
Refused      _____
Withdrawn    _____
Modified     _____

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., and FRANTISEK HRABAL,** | Case No. 5:15-CV-01572-SL |
| Plaintiffs, | |
| v. | JUDGE SARA LIOI |
| **THE GOODYEAR TIRE & RUBBER COMPANY and ROBERT BENEDICT,** | |
| Defendants. | |

**DEFENDANTS' PROPOSED JURY VERDICT FORM**

In answering the following questions and filling out this Verdict Form, you are to follow all of the instructions I have given you in the Court's charge.  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

**In this Verdict Form:**

"Coda" refers collectively to Plaintiffs Coda Development s.r.o., Coda Innovations s.r.o., and Frantisek Hrabal.

"Goodyear" refers collectively to Defendants The Goodyear Tire & Rubber Company and Robert Benedict.

**Verdict form continues on the next page.**

38

## FINDINGS ON CODA'S INVENTORSHIP CLAIMS

1.  Has Coda proven by clear and convincing evidence that Frantisek Hrabal conceived in whole the inventions stated in each and every claim of U.S. Patent Number **8,042,586** (the '586 patent), as outlined in Jury Instruction Number ___?

    Please check the box below that reflects your verdict.

    ("Yes" finds for Coda, "No" finds for Goodyear)

    | Yes<br>(finding for Coda) | No<br>(finding for Goodyear) |
    |:---:|:---:|
    | ☐ | ☐ |

2.  Has Coda proven by clear and convincing evidence that (1) Frantisek Hrabal conceived in whole or in part the invention stated in one or more claims of U.S. Patent Number **8,113,254** (the '254 patent), **and** (2) Frantisek Hrabal disclosed to Goodyear at or about January or July 2009 the conception related to the invention stated in one or more claims of the '254 patent, as outlined in Jury Instruction Number ___?

    Please check the box below that reflects your verdict.

    ("Yes" finds for Coda, "No" finds for Goodyear)

    | Yes<br>(finding for Coda) | No<br>(finding for Goodyear) |
    |:---:|:---:|
    | ☐ | ☐ |

**Verdict form continues on the next page.**

## FINDINGS ON CODA'S TRADE SECRET MISAPPROPRIATION CLAIM

3.   Has Coda proven by a preponderance of the evidence that in January and June 2009, it <u>possessed</u> specific, identifiable trade secrets that derive independent economic value, actual or potential, from not being generally known to or readily ascertainable by proper means by other persons who can obtain economic value from their disclosure or use, as outlined in Jury Instruction Numbers ___?

Please check the boxes below that reflect your verdict for each alleged trade secret.

("Yes" finds for Coda, "No" finds for Goodyear)

| Alleged Trade Secret | Yes (finding for Coda) | No (finding for Goodyear) |
|---|---|---|
| 1 | ☐ | ☐ |
| 2 | ☐ | ☐ |
| 3 | ☐ | ☐ |
| 4 | ☐ | ☐ |
| 5 | ☐ | ☐ |
| 7 | ☐ | ☐ |
| 11 | ☐ | ☐ |
| 15 | ☐ | ☐ |
| 16 | ☐ | ☐ |
| 18 | ☐ | ☐ |
| 19 | ☐ | ☐ |
| 20 | ☐ | ☐ |
| 22 | ☐ | ☐ |
| 23 | ☐ | ☐ |
| 24 | ☐ | ☐ |
| 25 | ☐ | ☐ |
| 27 | ☐ | ☐ |

**STOP**:  If you DID NOT check "Yes" in any box for this Question 3 then: DO NOT answer any further questions; skip to the end; and sign the verdict form.

**Verdict form continues on the next page.**

40

4.      For each alleged trade secret where you answered "Yes" in Question 3, has Coda proven by a preponderance of the evidence that in January and June 2009, it <u>orally disclosed to Goodyear</u> trade secrets, as outlined in Jury Instruction Numbers ____?

Please check the boxes below that reflect your verdict for each alleged trade secret.

<u>IMPORTANT</u>:  If you answered "No" for Question 3 for a particular alleged trade secret, DO NOT answer Question 4 for that alleged trade secret.  You may ONLY answer Question 4 for a particular alleged trade secret if you answered "Yes" to Question 3 for that alleged trade secret.

("Yes" finds for Coda, "No" finds for Goodyear)

| Alleged Trade Secret | Yes (finding for Coda) | No (finding for Goodyear) |
|---|---|---|
| 1 | ☐ | ☐ |
| 2 | ☐ | ☐ |
| 3 | ☐ | ☐ |
| 4 | ☐ | ☐ |
| 5 | ☐ | ☐ |
| 7 | ☐ | ☐ |
| 11 | ☐ | ☐ |
| 15 | ☐ | ☐ |
| 16 | ☐ | ☐ |
| 18 | ☐ | ☐ |
| 19 | ☐ | ☐ |
| 20 | ☐ | ☐ |
| 22 | ☐ | ☐ |
| 23 | ☐ | ☐ |
| 24 | ☐ | ☐ |
| 25 | ☐ | ☐ |
| 27 | ☐ | ☐ |

**STOP**:  If you DID NOT check "Yes" in any box for this Question 4 then: DO NOT answer any further questions; skip to the end; and sign the verdict form.

**Verdict form continues on the next page.**

5.    For each alleged trade secret where you answered "Yes" in Question 4, has Coda proven by a preponderance of the evidence that it <u>took reasonable active steps under the circumstances to protect</u> the alleged trade secrets, as outlined in Jury Instruction Numbers ___?

Please check the boxes below that reflect your verdict for each alleged trade secret.

<u>IMPORTANT</u>:  If you answered "No" for Question 4 for a particular alleged trade secret, DO NOT answer Question 5 for that alleged trade secret.  You may ONLY answer Question 5 for a particular alleged trade secret if you answered "Yes" to Questions 3 AND 4 for that alleged trade secret.

("Yes" finds for Coda, "No" finds for Goodyear)

| Alleged Trade Secret | Yes (finding for Coda) | No (finding for Goodyear) |
|---|---|---|
| 1 | ☐ | ☐ |
| 2 | ☐ | ☐ |
| 3 | ☐ | ☐ |
| 4 | ☐ | ☐ |
| 5 | ☐ | ☐ |
| 7 | ☐ | ☐ |
| 11 | ☐ | ☐ |
| 15 | ☐ | ☐ |
| 16 | ☐ | ☐ |
| 18 | ☐ | ☐ |
| 19 | ☐ | ☐ |
| 20 | ☐ | ☐ |
| 22 | ☐ | ☐ |
| 23 | ☐ | ☐ |
| 24 | ☐ | ☐ |
| 25 | ☐ | ☐ |
| 27 | ☐ | ☐ |

**STOP**:  If you DID NOT check "Yes" in any box for this Question 5 then: DO NOT answer any further questions; skip to the end; and sign the verdict form.

**Verdict form continues on the next page.**

6.     For each alleged trade secret where you answered "Yes" in Question 5, has Coda proven by a preponderance of the evidence that: (1) Goodyear misappropriated Coda's trade secrets by improper means; **and** (2) Coda suffered actual loss proximately caused by the misappropriation, as outlined in Jury Instruction Numbers ___?

Please check the boxes below that reflect your verdict.

<u>IMPORTANT</u>:  If you answered "No" for Question 5 for a particular alleged trade secret, DO NOT answer Question 6 for that alleged trade secret.  You may ONLY answer Question 6 for a particular alleged trade secret if you answered "Yes" to Questions 3, 4, AND 5 for that alleged trade secret.

("Yes" finds for Coda, "No" finds for Goodyear)

| Alleged Trade Secret | Yes (finding for Coda) | No (finding for Goodyear) |
|:---:|:---:|:---:|
| 1 | ☐ | ☐ |
| 2 | ☐ | ☐ |
| 3 | ☐ | ☐ |
| 4 | ☐ | ☐ |
| 5 | ☐ | ☐ |
| 7 | ☐ | ☐ |
| 11 | ☐ | ☐ |
| 15 | ☐ | ☐ |
| 16 | ☐ | ☐ |
| 18 | ☐ | ☐ |
| 19 | ☐ | ☐ |
| 20 | ☐ | ☐ |
| 22 | ☐ | ☐ |
| 23 | ☐ | ☐ |
| 24 | ☐ | ☐ |
| 25 | ☐ | ☐ |
| 27 | ☐ | ☐ |

**STOP**:  If you DID NOT check "Yes" in any box for this Question 6 then: DO NOT answer any further questions; skip to the end; and sign the verdict form.

**Verdict form continues on the next page.**

## FINDINGS ON GOODYEAR'S AFFIRMATIVE DEFENSES

7.    Has Goodyear proven by a preponderance of evidence that Coda's claims are barred by the statute of limitations, laches, or equitable estoppel, as outlined in Jury Instruction Numbers ___?

Please check the box below that reflects your verdict.

("Yes" finds for Goodyear, "No" finds for Coda)

| Yes (finding for Goodyear) | No (finding for Coda) |
|:---:|:---:|
| ☐ | ☐ |

**STOP**:  If you checked "Yes" for this Question 7 then: DO NOT answer any further questions; skip to the end; and sign the verdict form.

**Verdict form continues on the next page.**

44

**<u>FINDINGS ON DAMAGES</u>**

8.      What amount do you award to Coda for its actual loss caused by Goodyear's trade secret misappropriation, as outlined in Jury Instruction Numbers ___?

   Please fill in a dollar amount below that reflects your verdict.

   $_____

9.      Has Coda proven by clear and convincing evidence that Goodyear's misappropriation was willful and malicious, as outlined in Jury Instruction Number ___?

   Please check the box below that reflects your verdict.

   ("Yes" finds for Coda, "No" finds for Goodyear)

| Yes<br>(finding for Coda) | No<br>(finding for Goodyear) |
|:---:|:---:|
| ☐ | ☐ |

**Verdict form continues on the next page.**

45

## UNANIMOUS VERDICT

We, the jury, unanimously agree to the answers to the above questions and return them as our verdict in this case.

_____          _____

Foreperson                                                      Juror

_____          _____

Juror                                                              Juror

_____          _____

Juror                                                              Juror

_____          _____

Juror                                                              Juror

_____          _____

Juror                                                              Juror

_____          _____

Juror                                                              Juror

**End of verdict form.**

Dated: August 15, 2022

Respectfully submitted,

*/s/Calvin P. Griffith*
Calvin P. Griffith (0039484)
David M. Maiorana (0071440)
John C. Evans (0081878)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
cpgriffith@jonesday.com
dmaiorana@jonesday.com
jcevans@jonesday.com

*Attorneys for Defendants The Goodyear Tire
& Rubber Company and Robert Benedict*

47

**<u>PROOF OF SERVICE</u>**

The foregoing was filed electronically with the Court on August 15, 2022. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Scott M. Richey*