IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CODA DEVELOPMENT s.r.o, CODA INNOVATIONS s.r.o., and FRANTISEK HRABAL,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, *et al.*,<br><br>Defendants. | CASE NO. 5:15-CV-01572-SL<br><br>JUDGE SARA LIOI |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF ON DEFINITENESS ISSUE**

Plaintiffs Coda Development s.r.o., Coda Innovations s.r.o, and Frantisek Hrabal (collectively, "Coda") limited their supplemental brief (Dkt. No. 346) to the two narrow questions the Court asked; Goodyear did not. That necessitates this short response, which Coda respectfully submits.

Goodyear's brief seeks to relitigate its failed summary judgment arguments for an alleged lack of particularity; indeed, it presents the exact same arguments. *See* Dkt. 221 at 9-11 (criticizing Coda's trade secret number 18 for alleged lack of definiteness) and Dkt. 347 at 6-7 (repeating the identical argument here). Coda opposed those arguments previously (Dkt. 244 at 19-24), and the Court ruled on them, denying summary judgment (Dkt. 262 at 15-19).

Most importantly for the present purposes, in addressing the same "indefiniteness" argument Goodyear raises now, the Court already squarely decided:

> "the Court *will permit the issue to be presented to a jury*. Whether all of Coda's trade secret claims can withstand a directed verdict will be determined *after a presentation of the evidence*. If any do, it will become a question of fact for the

jury whether any of the itemized components of the various bodies of knowledge identified by Coda might constitute separate trade secrets."

Dkt. 262 at 20 (emphasis added).

Coda is thus entitled to present evidence of its alleged trade secrets to a jury. The Court at the August 17, 2022 hearing did not permit reconsideration of the Court's summary judgment order, nor would such reconsideration be proper now, nearly eleven months later. Nor did the Court at the August 17 hearing permit argument on or for the relief Goodyear is seeking. Any further consideration of the adequacy of Coda's trade secret claims would only be appropriate, if at all, at the close of the evidence in the case, upon a properly filed motion for a directed verdict.

Respectfully submitted,

*/s/ Scott M. Richey*
Boyd Cloern *(Pro Hac Vice)*
bcloern@steptoe.com
Leah Quadrino
lquadrino@stpetoe.com
Joseph Ecker
jecker@steptoe.com
Scott Richey
srichey@stepoe.com
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Stephen W. Funk (0058506)
sfunk@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
(T) 330.376.2700
(F) 330.376.4577

*Attorneys for Plaintiffs*

2

**PROOF OF SERVICE**

The foregoing was filed electronically with the Court on August 22, 2022. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Scott M. Richey