IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CODA DEVELOPMENT s.r.o., CODA INNOVATIONS s.r.o., et al., | CASE NO. 5:15-cv-1572 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| THE GOODYEAR TIRE & RUBBER, COMPANY, et al., | |
| Defendants. | |

**BENCH MEMORANDUM ON INVENTORSHIP CLAIMS**

Pursuant to the Court's invitation to the parties to rest their cases, Plaintiffs ("Coda") provide this bench memorandum to identify certain additional exhibits that corroborate existing inventor testimony of record. Specifically, in response to Coda's Notice (Doc. No. 371), in which Coda agreed with Defendants' (Goodyear's) position that no further trial proceedings were required, the Court scheduled a video hearing "to permit both parties to formally rest their cases." (Doc. No. 372.)  Coda had intended to rest its equitable case upon submission of the forthcoming briefing that the parties are to provide in lieu of the Court holding a bench trial on the equitable claims. Out of an abundance of caution, and in light of the Court's September 27, 2022 Order scheduling a hearing for September 29, 2022, Coda herein identifies four remaining exhibits for inclusion in the trial record.

Because Coda's equitable claims were not before the jury, Coda did not offer at the misappropriation trial a few documents relating to corroboration of inventor testimony.[1] Those documents, however, will be helpful to the Court when considering the inventorship claims. While the record remains open, Coda identifies those documents here, before resting its case.

---

[1] Indeed, at Goodyear's request, the Court ordered Coda not to offer evidence during the jury trial on trade secret misappropriation that pertained only to the remaining equitable claims. (*See, e.g.*, Trial Tr. 205:23–206:14.)

Coda notes, however, that consideration of and reliance on such evidence would still be within the sound discretion of this Court even after the parties have rested. *See, e.g.*, *Pub. Emps. for Env't Resp. v. Bright*, No. 3:18-CV-13-TAV-HBG, 2021 WL 1220928, at *4 (E.D. Tenn. Mar. 31, 2021) (permitting affidavits on non-tried issue as though presented at trial); *Calage v. Univ. of Tennessee*, 544 F.2d 297, 298-302 (6th Cir. 1976) (finding no abuse of discretion in receiving additional evidence after parties rested); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-32 (1971) (additional proof is within the sound discretion of a trial court); *In re Kebe*, No. 10-52667, 2014 WL 8276561, at *4 (Bankr. S.D. Ohio Dec. 23, 2014) (refusing to strike affidavit with new evidence in post-trial briefs).

Corroboration of inventor testimony "is determined by a rule of reason analysis, in which an evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached.'" *NFC Technology, LLC v. Matal*, 871 F.3d 1367, 1372 (Fed. Cir. 2017) (internal quotation marks omitted) (quoting *Singh v. Brake*, 317 F.3d 1334, 1341 (Fed. Cir. 2003)). The totality of the evidence must be considered. *NFC Technology*, 871 F.3d at 1372. "[A]n inventor's conception can be corroborated even though no one piece of evidence in and of itself establishes that fact and even through circumstantial evidence." *Id*. (internal quotations and citations omitted). "At bottom, the goal of the analysis is to determine whether the inventor's story is credible." *Id*. (internal quotations and citations omitted).

During pretrial proceedings, the Court bifurcated legal and equitable claims. (Trial Tr. 205:23–206:14.) As for inventorship, Goodyear had argued that proving corroboration is "an impossible task" for Coda but that the issue is "for another day. That's for the inventorship trial." (Trial Tr. 193:2–5; *see* Trial Tr. 202:20–25; 204:18–22.) Goodyear's argument that Mr. Hrabal's testimony of conception is uncorroborated is without merit. There is sufficient testimony and

corroborating evidence in the existing trial record,[2] and Coda will outline that evidence in its forthcoming briefs.

But in pretrial proceedings, Goodyear ignored that corroborating evidence and singularly focused on the date of MPR report (P-910, March 10, 2010) as post-dating the December 21, 2009 filing of the '586 patent. (*See* Trial Tr. 204:18-19 ("And if they corroborate with the March 10, 2010 document, it's over. You can't do that."); *see also* 193:2–5; 202:20–25.).) That is wrong. *See, e.g.*, *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1351 (Fed. Cir. 2001) (upholding district court's reliance on, *inter alia*, a present-day affidavit by one other than the inventor). Under the rule of reason, all of the evidence must be considered. *NFC Technology*, 871 F.3d at 1372.

Moreover, Mr. Hrabal testified at trial that he had communicated his invention to MPR in November—prior to the December 21, 2009 patent application date. (*See, e.g.*, Trial Tr. (Hrabal) 346:1–6.) There are certain documents consistent with that testimony, and they are what Coda seeks to offer here.

Specifically, Coda intended to include in the record two email chains and two documents, which are listed in the contemporaneously filed affidavit. Mr. Hrabal testified about the subject matter of these documents during the jury trial, and these documents were part of the discovery record and available to Goodyear for use in cross-examining him. The documents simply corroborate the timeline of Mr. Hrabal's testimony. They are not being offered for the truth of

---

[2] For example, in addition to other relevant testimony, Mr. Hrabal testified at trial that he conceived of the inventive feature of the '586 patent. (*See* Trial Tr. (Hrabal) 338:25–339:6; *see also* Trial Tr. (Benedict) 1925:2–15 (confirming that the P-26 "is the invention disclosure that ultimately became the '586 patent **novel feature**", emphasis added).) Mr. Hrabal testified about the years of experimentation leading up to discovering the optimal location of the peristaltic pump tube in a tire sidewall. (*See, e.g.*, Trial Tr. (Hrabal) 372:18–373:11 (discussing P-525, early attempt to groove tire); 381:7–9 (discussing P-552, testing rig); 386:24–388:6 (discussing P-476, sensor design specification); 388:23–13 (discussing P-955, tire grooving knife); 392:7–394:18 (discussing P-556, unfinished prototype, and P-886, finished prototype).) And, Mr. Hrabal further testified that Coda's prototype tire, which was completed in 2008, provided him proof that the sidewall of a tire generated sufficient force to pinch a peristaltic pump tube. (*See* Trial Tr. (Hrabal) 333:21–334:18.)

the matter asserted, but rather only for the fact that statements were made before the filing date of the disputed patents. Nor is Mr. Hrabal offering any additional substantive testimony about these documents, beyond their authentication. While the documents are not necessary to Coda's case, where, as here, Goodyear has cast doubt on Coda's ability to provide corroborating evidence that pre-dates the filing of the patent application, Coda believes the Court should have the benefit of all relevant evidence when evaluating that issue.

As noted, Mr. Hrabal testified at trial about the facts supported by these documents. For example, Mr. Hrabal testified that he started working with the R&D firm MPR in the summer of 2009. (Trial Tr. (Hrabal) 344:1–9; *see also* P-627 (July 30, 2009 nondisclosure agreement with MPR).) He also testified that he traveled to the United States in November 2009 to meet with MPR and explained his invention as part of the R&D process. (*See, e.g.*, Trial Tr. (Hrabal) 346:1–6.) Exhibit B is an email chain with correspondence between Coda and MPR between the dates of September 8 and October 22, 2009, including a September 18, 2009 email by which Mr. Hrabal sent a Coda document with the filename "MPR_proposal feedback CD_position.doc" (Exhibit A). These documents lend credibility to Mr. Hrabal's testimony. *NFC Technology*, 871 F.3d at 1372 (citing *Fleming v. Escort Inc.*, 774 F.3d 1371, 1377 (Fed. Cir. 2014)). Additionally, Exhibit C is an email from MPR to Mr. Hrabal dated November 20, 2009. The email attaches a PDF document with the filename "MPR Proposal for Self Inflating Tire Device Market Analysis (11-20-00).pdf.pdf" (Exhibit D), which (at CODA0148617) includes language that Coda "envisioned four alternative embodiments . . . . These embodiments are: Inflation tubing molded directly into the rubber of the tire. . . ."

These documents contextualize Mr. Hrabal's retention of MPR, which predates the filing of the '586 patent application, and contain language corresponding to the tube-in-groove

4

embodiment that Mr. Hrabal testified to disclosing to MPR and that later appeared in P-910 at 13–15. (*Compare, e.g.*, Exhibit B, CODA0150374 at 377 ("4 different product versions of the SIT") *with* P-910 at 13 ("four embodiments considered are: 1. Inflation tubing molded directly into the rubber of the tire. . . ."); and Exhibit A, CODA0251355 at 356 ("Molded into Tire") *with* P-910 at 13 ("Inflation tubing molded directly into the rubber of the tire").)

At base, substantial corroborated testimony regarding proper inventorship exists already in the record. In fairness and for a complete record for the Court's reasoned conclusions, the documents identified herein should be made part of that record.

September 28, 2022

Respectfully submitted,

/s/ *Scott M. Richey*
Stephen W. Funk (0058506)
funk@ralaw.com
Emily K. Anglewicz (0083129)
eanglewicz@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
(T) 330.376.2700
(F) 330.376.4577

Boyd Cloern *(Pro Hac Vice)*
bcloern@steptoe.com
Leah Quadrino *(Pro Hac Vice)*
lquadrino@steptoe.com
Scott M. Richey *(Pro Hac Vice)*
srichey@steptoe.com
Joseph Ecker *(Pro Hac Vice)*
jecker@steptoe.com
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

The foregoing was filed electronically with the Court on September 29, 2022. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Scott M. Richey